**Richard D. SHEPARD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 684S227.

Supreme Court of Indiana.

Dec. 3, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Richard D. Shepard was convicted of rape while armed with a deadly weapon, a class A felony,[1] and robbery while armed with a deadly weapon, a class B felony.[2] He now appeals from the denial of his post-conviction relief petition. Restated, he raises the following issues:

1. insufficient probable cause for arrest;

2. improper standard of review for the determination of his waiver of rights; and,

3. ineffective assistance of counsel.

## ISSUE I

In his first issue, defendant claims that there was insufficient probable cause under the Fourth Amendment to support his arrest. He claims that as a result of the improper arrest, all evidence obtained thereby should have been suppressed.

Defendant contends that his case falls squarely within *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). In *Dunaway*, the police were told by an informant, a jail inmate, about a possible lead which implicated Dunaway. After the police questioned the inmate they learned nothing that supplied "enough information to get a warrant", but ordered Dunaway picked up. Dunaway was taken into custody, not told he was under arrest, taken to police headquarters, read his *Miranda*[3] rights, and interrogated. Dunaway later waived counsel and made inculpatory statements and drew sketches incriminating himself in the crime. The United States Supreme Court held that detention for custodial interrogation intrudes so severely on interests protected by the Fourth Amendment as to necessarily trigger the traditional safeguards against illegal arrest. Police conduct was held to violate Dunaway's Fourth Amendment right to be free from seizure without probable cause.

In contrast, the present defendant was informed that he was under arrest and of the charges against him. He was taken to the police station, his father was called and, with his father present, both were

---

1. Ind.Code § 35–42–4–1 (Burns 1979 Repl.)

2. Ind.Code § 35–42–5–1 (Burns 1979 Repl.)

3. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

read and explained their *Miranda* rights. Defendant later made inculpatory statements. The threshold question is whether there was probable cause to arrest the defendant when he was taken into custody and interrogated.

▉ Probable cause exists when, at the time of arrest, the arresting officers have knowledge of facts and circumstances which would warrant a man of reasonable caution and prudence to believe that the suspect committed the criminal act in question. *Craig v. State* (1983), Ind., 452 N.E.2d 921, 923. For the purpose of establishing probable cause to arrest without a warrant, the reliability of the information provided by an informant whose statements may be self-serving must be established by reference to facts and circumstances which indicate that the information is trustworthy. *Suggs v. State* (1981), Ind., 428 N.E.2d 226, 227. In *Suggs*, this Court cited the following from *United States v. Harris* (1971), 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723:

> People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility-sufficient at least to support a finding of probable cause to search.

▉ The collective knowledge of the police at the time of the arrest included the initial police report which contained a description of the defendant, a composite picture made shortly after the crime was committed, and a statement from another youth, B.M., who when arrested, admitted his presence at the scene of the crime and implicated defendant as one of the actual perpetrators of the crime. The record shows that prior to defendant's arrest, B.M. told police that he had knowledge of the robbery and rape and that he received $30.00 from defendant and a third individual for his part in pointing out the victim and planning the robbery. We find B.M.'s statement to be sufficiently reliable to establish probable cause since it is a state-

ment against self-interest. We therefore conclude that the arrest and subsequent interrogation was supported by probable cause.

## ISSUE II

▉ Defendant next contends that his statements during interrogation should have been suppressed because they were not made "knowingly and intelligently." In his earlier direct appeal, *Shepard v. State* (1980), 273 Ind. 295, 404 N.E.2d 1, this Court held that the statements were voluntary, that proper police procedures were followed, and that the statements were properly admitted into evidence. In connection with his claim of ineffective assistance of counsel, Issue III *infra*, defendant now asserts that the issue of "knowingly and intelligently" has not been raised and discussed. This issue was implicitly determined in our earlier opinion.

While it is thus not necessary to further address the issue, we nevertheless uphold the decision of the post-conviction court. Its findings included the following:

> This Court finds, after looking at the totality of the circumstances, that the State has sustained its burden of proof beyond a reasonable doubt that the defendant voluntarily and intelligently waived his constitutional rights and that his confession was voluntarily given.

▉ When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

▉ The evidence before the post-conviction court included a transcript of evidence

at trial and at the motion to suppress. Various experts in psychiatry and psychology provided evidence regarding the defendant's intelligence. Among the defense witnesses was a psychiatrist who had examined the defendant and testified that the defendant might have difficulty understanding his *Miranda* rights without an explanation. Upon cross-examination, however, the psychiatrist was separately read each of the rights which had been read to and signed by the defendant and his father. The psychiatrist admitted that this defendant was probably able to understand each of the rights, and that this likelihood was further enhanced by the defendant's past multiple exposures to the *Miranda* warnings being read to him.

In view of this supporting evidence, we will not reverse the findings of the post-conviction court regarding whether defendant's waiver was given "knowingly and intelligently."

### ISSUE III

Defendant's third issue of ineffective assistance of counsel is based upon alleged trial counsel error in failing to challenge the sufficiency of probable cause for arrest, failing to challenge the standard of review applied in the determination of waiver of rights, and failing to contest the voluntariness of his confession. Since we have in the course of this opinion and defendant's prior appeal found no error in these claims, defendant's claim of ineffective assistance of counsel must fail.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.