**Dexter R. PORTER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A04-8701-CR-24.**

Court of Appeals of Indiana, Fourth District.

Sept. 8, 1987.

Rehearing Denied Oct. 26, 1987.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant-Appellant Dexter Porter (Porter) appeals his conviction for possession of a prohibited handgun, a class C felony, and carrying a handgun without a license, a class A misdemeanor.

We reverse.

ISSUES

Porter presents two issues for our review. Because we reverse we address only one, namely, whether the gun and bullets were properly admitted because they were discovered during a permissible search of Porter's vehicle.

FACTS

On September 28, 1985, Gerald Rothenbush (Rothenbush) of the Indianapolis Police Department noticed two black males acting suspiciously in the Broad Ripple area. The pair would follow people down the street and not enter any establishments. Rothenbush watched the two men for about 30 minutes. Neither did anything illegal during this time. At one point the two men left Rothenbush's sight. When he next saw them, they were in a car driven by Porter. A third man was in the back seat. Rothenbush ran a check on the license plate of the car and learned the plate did not match the vehicle.

Rothenbush stopped the vehicle, asked the three men to step out of the car, then pat-down searched each of them. He found nothing. A second officer who had arrived at the scene conducted a search of the interior of the car. He discovered a handgun and seven bullets hidden under the driver's side front floormat. The serial number of the handgun had been removed.

At trial, the court admitted the handgun and bullets into evidence over Porter's objections. Lewis Porter testified he loaned the car to his nephew that evening, he had recently bought the car, but had not registered the license plate to the automobile. Porter was convicted of possession of a prohibited handgun and carrying a handgun without a license.

He appeals.

DISCUSSION AND DECISION

Porter contends the gun and bullets taken from the car were improperly admitted into evidence at his trial because they were obtained in an illegal search. We agree.

Since the search here was without a warrant, the State has the burden to justify the search under some exception to the Fourth Amendment's proscription against illegal search and seizure. *Smith v. State* (1971), 256 Ind. 603, 271 N.E.2d 133.

■ The interior of an automobile does not enjoy the same expectations of privacy as does the interior of one's home. A car's interior is nonetheless subject to Fourth Amendment protection from unreasonable intrusions by the police. *New York v. Class* (1986), 475 U.S. 106, 106 S.Ct. 960, 966, 89 L.Ed.2d 81.

In *Terry v. Ohio* (1968), 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889, the Supreme Court held, "[t]he scope of the search must be 'strictly tied to and justified

by' the circumstances which rendered its initiation possible."

The Court more recently stated, "[n]evertheless, such a search is limited to the person of the arrestee and the area immediately within his control." *Florida v. Royer* (1983), 460 U.S. 491, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229.

■ Clearly, the search of defendant's car was without probable cause. The traffic violation of not having the license plate match the vehicle did not give rise to a reasonable suspicion Porter was armed or was dangerous. Rothenbush admitted he would have allowed Porter to leave the scene with a citation if he had not discovered the handgun. The search of the car without probable cause was an unjustifiable intrusion upon his Fourth Amendment rights.

Furthermore, we cannot say defendant's "suspicious" actions gave rise to a lawful search of the vehicle.

Porter admits the officer's pat-down search outside the vehicle was reasonable and warranted. *Terry* allows an officer to search a person for weapons in the interest of safety when reasonable suspicion of criminal activity exists. However, the Supreme Court has also stated, "[i]n the name of investigating a person who is no more than suspected of criminal activity, the police may not carry out a full search of the person or of his automobile or other effects. Nor may the police seek to verify their suspicions by means that approach the conditions of arrest." *Florida v. Royer, supra,* 460 U.S. at 499, 103 S.Ct. at 1325.

The case of *Paxton v. State* (1970), 255 Ind. 264, 263 N.E.2d 636 presents a similar fact situation to that involved here. In *Paxton,* police stopped a car for reckless driving. The occupants of the car were removed and searched by police who believed the occupants were "suspicious." They then searched the car and discovered an overcoat containing a large amount of change. The coat had been used in a recent robbery. This led the police to search the trunk of the car where more evidence of the robbery was obtained. On this evidence, Paxton was convicted of robbery. He appealed his conviction claiming the evidence from the car was the product of an illegal search.

Our Supreme Court agreed. It ruled the officers had no reasonable cause to search the car merely because of a traffic violation. The court also said,

> It will be a sad day indeed when this court sanctions the detention and search of persons and their property on the mere allegation that they are of suspicious character.

*Paxton,* 263 N.E.2d at 642.

The same situation has occurred here. Porter was stopped by police for a traffic violation and for looking suspicious. The Fourth Amendment proscribes the search of an automobile by the police under such circumstances. The gun and bullets thus discovered were clearly "fruit of the poisoned tree," and inadmissible as evidence below.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, P.J., and ROBERTSON, J., concur.