Bobby L. SANDERS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9103–CR–138.[1]

Court of Appeals of Indiana,
First District.

Aug. 26, 1991.

---

William J. Rawls, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Bobby Sanders appeals his conviction of possession of marijuana in an amount less than 30 grams, a Class A misdemeanor.[2] The issue presented for our review is whether the search of his vehicle constituted an illegal search and seizure. We hold the search was illegal, and therefore reverse his conviction.[3]

---

**1.** This case was diverted to this office on July 22, 1991, at the direction of the Chief Judge.

**2.** IND.CODE 35–48–4–11.

**3.** Sanders cites only the illegal search question in his statement of the issues. In the body of his argument, however, he also appears to raise the issue of sufficiency of the evidence to sustain his conviction. Because he does not actual-

## FACTS

On August 28, 1989, two officers of the Indianapolis Police Department were maintaining surveillance on Sanders. After observing Sanders make two right turns without using his turn signal, the two undercover officers arranged for Sanders to be stopped by a marked car. The undercover officers arrived shortly after the marked car stopped Sanders. Sanders and his passenger were asked to leave the car. One of the undercover officers noticed a small manilla envelope on the floor near the door of the passenger side of the automobile. The officer looked in this envelope and discovered marijuana. He then searched the car further, and found marijuana in the ash tray. A total of 2.92 grams of marijuana was discovered in the car. Sanders was arrested.

After a jury trial, Sanders was found guilty of possession of marijuana. He was sentenced to 365 days in jail with 365 days suspended and given 365 days probation, ordered to perform 80 hours of community service, and ordered to pay fines and costs. He now appeals.

## DISCUSSION AND DECISION

▮ The Fourth Amendment requires as a general rule that searches of private property be both reasonable and carried out pursuant to a properly issued search warrant. *Rabadi v. State* (1989), Ind., 541 N.E.2d 271. The warrant requirement is "nearly absolute," however, there are a few exceptions. *Id.* at 274. The State bears the burden of showing that a warrantless search was conducted within the confines of one of the exceptions to the warrant requirement. *Id.*

Sanders argues the court erred when it overruled his objection to the admission of evidence obtained during the search of his car following a stop for a traffic infraction. On appeal, the State contends the search of the car was necessary to protect the safety of the officers. At trial, the State argued that the search was valid because it was necessary for the officer's safety, and mentioned also that the officers had reason to believe Sanders was in possession of drugs. Neither rationale justifies the warrantless search in this case.

The officers pulled Sanders over because he failed to use his turn signal when he made two right turns. They did not pull him over because they had probable cause to believe he had committed any crime. There were no allegations that the officers had observed any of Sanders' activities which reasonably led them to suspect he had committed a crime. One officer stated: "On that day in question we had information from a confidential informant that Mr. Sanders would be in an area, also driving a gold Cadillac. And possibly in possession of some narcotics at that time." *Record* at 22–23. The second officer testified: "We had received information that a subject by the name of Bobby L. Sanders, operating a gold Cadillac four-door, Indiana plate number ..." *Record* at 64. These statements were the sole evidence of the officers' probable cause to believe Sanders had committed a crime. There was no attempt to establish the trustworthiness of the information allegedly provided by an informant. *See Shepard v. State* (1986), Ind., 500 N.E.2d 1172 (to establish probable cause to arrest without a warrant, the reliability of an informant must be established by facts and circumstances which indicate that the information is trustworthy).

▮ Neither of these general, vague statements gave rise to the notion that the officers had probable cause to believe Sanders was in possession of drugs. The officers did not have probable cause to search Sanders' car merely because he committed a traffic violation.[4] *See Porter v. State* (1987), Ind.App., 512 N.E.2d 454, *trans. denied* (search of car after stopping the driver for having a license plate which

---

ly raise the sufficiency issue, and because practically the two issues are intertwined in this case, we do not directly address the sufficiency of the evidence question.

**4.** The State argues the recent United States Supreme Court case *California v. Acevedo* (1991), —— U.S. ——, 111 S.Ct. 1982, 114 L.Ed.2d 619,

allows the search of closed containers in a vehicle without a warrant when there is probable cause to search a vehicle or a container for evidence of a crime. While this is an accurate assertion, the State did not establish in this case that the officers had probable cause to search

did not match the vehicle did not give officers probable cause to search the vehicle); *Paxton v. State* (1970), 255 Ind. 264, 263 N.E.2d 636 (the officers had no reasonable cause to search the car merely because the driver committed the traffic violation of reckless driving). Indeed, the State does not really argue the officers had probable cause to search the car; the State heavily bases its contention that the search was valid on the theory that the search was necessary to ensure the officers' safety. We turn to the safety argument.

The State maintains searches to preserve the safety of the officer's person are a well-recognized exception to the search warrant requirement. We agree that once a vehicle is stopped for investigative purposes, an officer may conduct a search for weapons without obtaining a search warrant if the officer reasonably believes that he might be in danger. *See Castle v. State* (1985), Ind.App., 476 N.E.2d 522.

In this case, however, there is absolutely no indication that the officers reasonably believed they were in danger. They did not state they had been informed Sanders was armed, they did not suspect Sanders of committing a crime such as armed robbery or another inherently dangerous crime, and Sanders did nothing at the scene to indicate he was a danger to the officers. The two men were outside of the car at the direction of the officers. The envelope the officers found on the floor of the front passenger seat was "2 inches by 1" in size, and approximately "a quarter of an inch" thick. *Record* at 56. The State has not demonstrated in any way that the officers could reasonably have believed they were in danger from this envelope. There was nothing to give rise to a reasonable suspicion that Sanders was armed and dangerous, and the warrantless search of Sanders' car was not justified on the basis that it was necessary for the safety of the officers.[5]

the vehicle or the container for evidence of a crime.

5. On appeal, the State argues the officers' apprehensions of fear were "certainly justified, as they had been informed that the defendant was dealing drugs, and the violence of that industry is well known." *Appellee's Brief* at 4. There

This was a case in which the officers went on a fishing expedition and discovered marijuana. As our supreme court has stated: "It will be a sad day indeed when this court sanctions the detention and search of persons and their property on the mere allegation that they are of suspicious character." *Paxton, supra,* 255 Ind. at 275, 263 N.E.2d at 642. The State has not demonstrated that it had probable cause to believe Sanders had committed a crime, or that a search of the vehicle was necessary for the safety of the officers. The evidence admitted at trial was obtained through an illegal search, and was thus inadmissible. *Porter, supra.* We reverse Sanders' conviction. Because the inadmissible evidence was the only evidence submitted to prove that Sanders committed the crime of possession of marijuana, we remand to the trial court with instructions to discharge Sanders.

Judgment reversed with instructions.

RATLIFF, C.J., and CONOVER, J., concur.

was no testimony that the officers had been told Sanders was dealing drugs; one officer testified he heard Sanders might have some narcotics in his car, and the other failed to complete his sentence so we do not know what his information demonstrated.