In re the Marriage of Deborah Ann
NEEDHAM, Appellant
(Respondent Below),

v.

James L. NEEDHAM, Appellee
(Petitioner Below).

No. 1-180A14.

Court of Appeals of Indiana,
First District.

Aug. 11, 1980.

Rehearing Denied Sept. 12, 1980.

James R. Fisher, Ice, Miller, Donadio &
Ryan, Indianapolis, for appellant.

Ken A. Elmendorf, Elmendorf & Meyer,
Brownsburg, for appellee.

ROBERTSON, Presiding Judge.

Deborah Ann Needham, respondent-appellant, appeals from the trial court's modification of a custody decree which gave custody to the father, James L. Needham, petitioner-appellee.

The marriage of the parties to this appeal was dissolved on January 13, 1978. The dissolution decree incorporated an agreement of the parties which gave custody of their two minor boys to the mother. The instant action was initiated by the father on July 26, 1979, by way of a petition to modify custody. After hearings, the trial court modified the prior decree and placed custody of the children with the father, with specified visitation rights granted to the mother.

We affirm.

The mother raises three issues for our consideration. The first is whether the trial court judge properly assumed jurisdiction of the case and whether the trial court was biased against the mother.

The trial court judge was a judge pro tempore. The record contains the written appointment of the trial judge to preside and sit on the court for August 14, 1979. The same document contains a signed statement by the judge pro tempore in which he swore to discharge his duties on that date. This statement contains a list of three cases after the date. The cases listed did not include the instant case. We find the listing of the cases surplusage.

Indiana Rules of Procedure, Trial Rule 63(E) states that the appointment of a judge pro tempore is to be in writing; no writing is required regarding the swearing of the judge pro tempore, although obviously it is the better practice.

■ It is well established that a judge pro tempore is appointed for a specific period, and T.R. 63(E) provides that the judge pro tempore has all the powers of the sitting judge for that period. This is in contrast to a special judge who is appointed to act in a particular case. *State ex rel. Hodshire v. Bingham, Judge*, (1941) 218 Ind. 490, 33 N.E.2d 771.

■ Based on this authority, we hold that the inclusion of specific cases in the acknowledgment of the swearing of the judge pro tempore is surplusage; and that the judge pro tempore is the judge for the period indicated in the appointment by the regular judge.

The question remains concerning the continued jurisdiction of the particular judge on the case. *State v. Smith*, (1973) 260 Ind. 555, 297 N.E.2d 809 notes that the rule found in T.R. 63(E) that the judge who directed the trial should hear post-trial motions is a continuation of the policy under former rules and statutes, citing *State ex rel. Hodshire v. Bingham, Judge*, (1941) 218 Ind. 490, 33 N.E.2d 771. That case held that a judge pro tempore should hear post trial motions. The basic idea contained in T.R. 63 is stated in *State v. Smith, supra*, 260 Ind. at 558, 297 N.E.2d at 812 as, "The theory underlying the Rule is that the trial judge has continuing jurisdiction as if he had been appointed special judge . . ."

■ The basic principle that the same judge that heard the evidence should entertain the post-trial motions would of necessity include the notion that whenever possible, the same judge, no matter what his status, should hear all the evidence at trial. Thus, in our view, once properly appointed and sworn according to the rule, the judge pro tempore has continuing jurisdiction of the case once he begins hearing evidence at trial. We, thus, find no error here. Also, we note there was no objection raised until the motion to correct errors concerning the judge.

The mother claims bias on the part of the trial court judge for two reasons. The first is the former association of the trial court judge and the father's attorney. The judge pro tempore was the former prosecutor and the father's attorney was his deputy. The relationship had ended months before this cause began. The second ground is the former divorce and custody problem of the trial court judge himself caused a bias against the mother.

The mother refers us to no authority for disqualification based on the facts given above. Indeed, the disqualification section of the Code of Judicial Conduct cited by the mother clearly shows that there is no automatic disqualification here. We, thus, reject this argument. The second bias claimed has no basis in the record and we find the allegation extraordinary. Even if the facts of the trial court judge's personal life claimed are true, our reading of the record shows no apparent bias. It is stated in *Chance v. Chance*, (1980) Ind.App., 400 N.E.2d 1207, 1212, that a claim of bias and prejudice depends on the ability to make a plain showing that unfairness and prejudice existed and controlled the result. There was no such showing here. We further note that the mother made no attempt to change the judge at any stage of the proceeding.

The second issue on appeal is whether the trial court abused its discretion in finding that the statutory requirements for modification of child custody had been met. In 1976, the legislature added to *Ind. Code* 31–1–11.5–22(d) the requirements that the trial court shall not modify a prior decree unless there is "a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable." Our review of this determination by the trial court is as to whether there has been an abuse of discretion. *Campbell v. Campbell*, (1979) Ind. App., 396 N.E.2d 142. Thus we will not reverse the decision of the trial court unless it is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Campbell, supra; See also Marshall v. Reeves*, (1974) 262 Ind. 107, 311 N.E.2d 807 (prior law).

In reviewing the transcript of this case, we find the lamentable, although perhaps not infrequent, situation where the children are caught in the midst of the strong continuing antagonism between the divorced parents. We need not recite the unpleasant "scenes", both in public and at home, to which the children have been subjected because of the desire of one parent, particularly the mother, to "get back at" the other parent. There is also evidence of this antagonism surfacing in the attempt by the mother to "poison" the father in the children's minds. There is further evidence that this behavior is causing psychic harm to the children.

At first glance, we did not see how a change of custody from the mother to the father would appreciably change this situation. However, it is apparently the trial court's determination that the change of custody will substantially diffuse the harm that is being caused to the children by reducing the amount of exposure to the mother and providing a more stable environment.

Beside the substantial and continuing circumstances caused especially by the mother's antagonism, there are other changes which no doubt were a factor in the trial court's decision. The father remarried and bought a new home in which to care for the children. The mother had remarried and been divorced.

The trial court knew the high burden to be met for a modification of custody and made the difficult decision. We, as an appellate court, in reviewing such a decision, find no abuse of discretion.

The third issue for our consideration is the alleged admission of testimony concerning events that occurred prior to the divorce and the concurrent custody decree. The same section of the statute quoted above states that the trial court shall not hear evidence on matters occurring prior to the last custody proceeding between the parties, unless such matters relate to a change in circumstances.

The mother's attorney cites to us in his brief numerous pages from the transcript in which he claims improper evidence was admitted. Several portions of the transcript cited clearly ask for evidence of matters after the divorce by their time frame and we completely fail to see the error alleged. One incident that particularly aggrieves the mother's counsel was in response to the

question of whether the former wife came to the husband's home *after the divorce.* It is true that much later in the trial, on cross-examination, the inference is raised that the incident occurred before the divorce. At the time of admission of the testimony, however, no apparent error occurred. Other testimony relating to before the divorce was of a peripheral or clarifying nature. Still other testimony elicited was on redirect examination after the incident or event was brought out in cross-examination.

In examining the record, we think the trial court made a conscious effort to consider only that evidence on matters that occurred after the first custody decree, although *both* counsel attempted to expand the testimony.

■ In the same vein, counsel for the mother complains that the trial court based its decision in part on the incident in which cross-examination indicated occurred before the divorce. Counsel gleans this allegation from the statements made by the trial court in the hearing on the motion to correct errors. In the court's statement, the court specifically stated that he was not making findings of fact and gave the incident only as one example amongst others in what he called mere observations. We do not think the reference to one incident, which probably did occur before the divorce, changes the trial court's basic statement that it saw the continued exposure by the children to the bitter antagonism and the particular failure of the mother to shield the children from it or even attempt to promote it in front of the children, as meeting the statutory burden.

Judgment affirmed.

NEAL, J., concurs.

YOUNG, J. (sitting by designation), concurs.