**Leroy WILLIAMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 384S105.**

Supreme Court of Indiana.

Nov. 22, 1985.

Jack E. Roebel, Allen County Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant, before a judge pro tempore, entered a guilty plea to an Information alleging Burglary, a Class A felony. The judge accepted the plea, ordered a presentence report and deferred sentence until after sentence was imposed on two other burglary convictions which were pending. After sentence was imposed on one of the other crimes, the regular judge of the Allen Circuit Court held a sentencing hearing on the other conviction. At the same time he also conducted the sentencing phase of the guilty plea hearing in the case at bar.

The parties had agreed to a thirty-five (35) year executed sentence with the decision whether the sentence was to be served concurrently with, or consecutively to, the

other two sentences to be left to the judgment of the court. The court imposed consecutive sentences.

■ Appellant argues the regular judge erroneously presided over the sentencing phase and that only the judge pro tempore had jurisdiction to enter a sentence. While stating there is no case law on point, he cites *Needham v. Needham* (1980), Ind. App., 408 N.E.2d 562 for support. The *Needham* court noted a judge pro tempore is appointed for a specific period of time and that this contrasts with a special judge who is appointed to act in a particular matter. Then the court, relying in part on *State v. Smith* (1973), 260 Ind. 555, 297 N.E.2d 809 and Ind.R.Tr.P. 63(E), stated:

"The basic principle that the same judge that heard the evidence should entertain the post-trial motions would of necessity include the notion that whenever possible, the same judge, no matter what his status, should hear all the evidence at trial. Thus, in our view, once properly appointed and sworn according to the rule, the judge pro tempore has continuing jurisdiction of the case once he begins hearing evidence at trial. We, thus, find no error here." *Needham, supra,* 408 N.E.2d at 563.

Appellant thus argues that once the judge pro tempore began to hear evidence then only he had jurisdiction to enter a sentence.

The State argues that while under *Needham* the judge pro tempore could have sentenced appellant the decision does not require that only the judge pro tempore may so act. The State contends that both the judge pro tempore and the regular judge, once he has resumed the bench, have concurrent jurisdiction in the matter.

This Court recognizes the general practice is that when the consideration of a legal matter extends beyond the time of appointment of a judge pro tempore he is then appointed as a special judge to continue the cause to its conclusion. While we support this practice, we find no reason to require it when the legal matter has distinct phases as found in the case at bar.

We find the regular judge did have jurisdiction to sentence appellant.

Appellant contends the trial court's imposition of consecutive sentences was unconstitutional, unreasonable and not supported by the record. He claims the fact he used his constitutional rights to forestall adjudication for nearly two years caused the court to seek to punish him. He contends the sentence is unreasonable in light of the several mitigating factors he lists. Lastly, he maintains the trial court merely listed the statutory grounds for imposing the consecutive sentences and does not indicate the factual basis for the finding.

■ When the trial court, at its discretion, imposes consecutive sentences the court is required to give specific reasons to support its action. *Brown v. State* (1982), Ind., 442 N.E.2d 1109 (Prentice, J., dissenting). Ind.Code § 35–38–1–7 provides considerations to be used by the court in reaching its determination. At various points in the sentencing hearing the trial court noted the following factors: the age of the victim, the vicious nature of the attacks, the fact the crimes occurred while appellant was out on bail, the repetitive nature of the crimes, the fact appellant represented a threat to the community, a lack of remorse and appellant's past history of alcohol abuse.

■ We find the trial court did list specific reasons to support the imposition of consecutive sentences. As to appellant's argument that the court failed to consider mitigating circumstances, we find no merit. The consideration of mitigating circumstances is not mandatory in sentencing. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

The trial court is in all things affirmed.

DeBRULER, J., concurs in result.

PRENTICE, PIVARNIK and SHEPARD, JJ., concur.