Vester ROSE, Appellant,

v.

STATE of Indiana, Appellee.

No. 21A01–8704–PC–86.

Court of Appeals of Indiana,
First District.

Oct. 13, 1987.

Rehearing Denied Dec. 2, 1987.

Susan K. Carpenter, Public Defender, Hilary Bowe, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Vester Rose (Rose), appeals the decision of the Fayette Circuit Court denying his petition for post-conviction relief.

We reverse.

## STATEMENT OF THE FACTS

On March 1, 1974, Rose was charged by grand jury indictment with unlawful sale of controlled substance. He entered a plea of guilty to the charge on May 21, 1974. At the guilty plea hearing, the trial court informed Rose that he had a right to a public trial, to present a defense, to testify and subpoena witnesses on his behalf, and that the State was obligated to prove his guilt beyond a reasonable doubt. The trial court, however, failed to advise Rose at either the arraignment or the guilty plea hearing of his right of confrontation, which right he waived by pleading guilty. On June 3, 1974, the trial court accepted Rose's plea of guilty and sentenced him to two years in prison and a $100.00 fine.

Rose filed a *pro se* petition for post-conviction relief on March 13, 1986, nearly 12 years after his conviction, raising the trial court's failure to advise him as required by statute before accepting a guilty plea as grounds to vacate his conviction. The State responded and raised the defense of laches. After a hearing, the trial court denied the petition, finding that Rose had been advised of his rights and that any missing advisements were harmless. The trial court also found that the State had established its laches defense. Rose has subsequently instituted this appeal.

## ISSUES

Rose presents three issues for our review. Because we reverse, we need only address the following:

I. Whether the failure to advise Rose of his right of confrontation is grounds

for post-conviction relief absent a showing of prejudice.

II. Whether the trial court erred in finding that the State had met its burden of proving the laches defense.

## DISCUSSION AND DECISION

■ Rose asserts that the trial court erred in denying his post-conviction petition because his guilty plea was not knowing, intelligent, and voluntary by reason of the trial court's failure to explicitly advise him that he had a right to confront witnesses against him at trial. This right is one specifically enumerated in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. The State admits that the trial court failed to specifically advise Rose of his right of confrontation. The State maintains, however, that the advisements informing Rose that he could subpoena witnesses and could defend himself against the charges sufficiently served to inform Rose of his right of confrontation. We disagree. The right of confrontation guarantees a criminal defendant the opportunity to cross-examine the witnesses against him. The trial court did not inform Rose of his right to confront and cross-examine witnesses, nor did the advisements given convey this right to him. The post-conviction court found, however, that any missing advisements were harmless.

■ When reviewing guilty pleas we must adhere to the standard enunciated in *White v. State* (1986), Ind., 497 N.E.2d 893. In *White* our supreme court held that a petitioner who merely claims that his plea was involuntary and unintelligent by the trial court's failure to give an advisement in accordance with IND.CODE 35-35-1-2 has not met his burden of proof. In addition, a petitioner needs to plead and prove specific facts from which the finder of fact can find by a preponderance of the evidence that the trial judge's failure to comply with the guilty plea statute affected his decision to enter a plea. *Id.* As in *White*, Rose does not allege any specific facts which indicate that the omission affected his decision to enter a plea of guilty. In *White*, however, the supreme court also

explained that there are several exceptions to the rule:

> Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated.

497 N.E.2d at 905. Thus, *Boykin* rights are preserved even under *White*. Therefore, where the trial court fails to advise a petitioner of his right of confrontation, he is not required to make a showing of prejudice to obtain post-conviction relief. Accordingly, although Rose failed to show how he was harmed, he was entitled to post-conviction relief due to the trial court's failure to advise him of his right to confront and cross-examine witnesses against him.

■ However, the trial court denied the petition, also finding that the State had proven the defense of laches. The defense of laches may be asserted in response to a post-conviction petition seeking relief on the grounds that the trial court failed to advise the petitioner of his right to confront witnesses. *See Canter v. State* (1986), Ind.App., 496 N.E.2d 823. Rose maintains, however, that the trial court erred in determining that the State sustained its burden of proving laches.

■ It is well settled that in order to establish the defense of laches, the State must prove by a preponderance of the evidence that the petitioner was unreasonably delayed in seeking relief and there would be prejudice to the State in reprosecuting the petitioner should his guilty plea be vacated. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. Included under the element of unreasonable delay is a finding that the petitioner had knowledge of existing circumstances and acquiesced in them. *Id.* A petitioner must have knowledge of the defect in his conviction or of the means by which he can obtain relief from the conviction before it can be said that he delayed unreasonably in seeking relief. Formerly, failure to inquire, under circumstances which would prompt a reasonable person to

inquire further and where the means of ascertaining the truth were readily available, was sufficient to charge a petitioner with knowledge the same as if the facts were known. *Morrison v. State* (1984), Ind.App., 466 N.E.2d 783. However, our supreme court has recently held that inquiry notice alone is insufficient to support a finding of unreasonable delay. The State is required to present objective facts from which the finder of fact may draw a reasonable inference of a petitioner's knowledge of his post-conviction rights in order to support a finding of laches. *Perry v. State* (1987), Ind., 512 N.E.2d 841. When determining whether evidence is sufficient to establish the laches defense, we will not reweigh the evidence or judge the credibility of the witnesses but will consider only the evidence most favorable to the judgment, and affirm the trial court where there is probative evidence to support its decision. *Id.* A change of circumstances, such as being sent to prison, is not probative of the knowing acquiescence required to show unreasonable delay. *Id.*

A review of the record reveals that the State failed to meet its burden of proof that Rose unreasonably delayed in seeking relief. In an attempt to establish the laches defense the State called as its only witness, Ted McQuinley, a detective with the Fayette County Sheriff's Department. The entire course of McQuinley's testimony, however, focused on circumstances causing prejudice to the State in the event Rose's conviction was vacated. The State did not prevent any probative evidence from which the trial court could draw a reasonable inference of Rose's knowledge. We must conclude that the State failed to meet its burden of proof on its laches defense. We therefore remand to the post-conviction trial court with instructions to grant Rose's petition.

Judgment reversed and remanded.

RATLIFF, C.J., and SHIELDS, P.J., concur.