Fairfax Henry GREEN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45A04–8811–PC–00372.

Court of Appeals of Indiana,
Fourth District.

Sept. 5, 1989.

Fairfax Henry Green, Westville, pro se.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

PETITION FOR REHEARING

CHEZEM, Presiding Judge.

State petitions for rehearing 540 N.E.2d 130 and claims that we erred in our conclusion that Page was acting as commissioner and not as judge pro tempore and thus did not have authority to enter a final judgment.

The appointment of a judge pro tempore is governed by Ind.Rules of Procedure, Trial Rule 63 which reads in part:

(E) Judge Pro Tempore When Judge is Unable to Attend. A judge who is unable to attend and preside at his court

for any cause may appoint in writing a judge pro tempore to conduct the business of this court during his absence. The written appointment shall be entered in the records of the court. When duly sworn, or without being sworn if he is a judge of the court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces.

■ State has provided us with a copy of the Appointment of T. Edward Page as Judge Pro Tempore. The appointment was entered into the records of the court trial under cause number 45G02–8806–MC–00136 on June 16, 1988. The cause number of Green's case is 2CR–31–281–120. However, the trial court is not required to list all of the specific cases that the judge pro tempore will handle during a judge's absence. *Needham v. Needham* (1980), Ind. App., 408 N.E.2d 562 (We hold that the inclusion of specific cases in the acknowledgment of the swearing of the judge pro tempore is surplusage).

A judge pro tempore is appointed for a specific period, and the judge pro tempore has all the powers of the sitting judge for that period. *Id.* The appointment became effective June 17, 1988 (Friday), and Judge Letsinger returned to court on June 20, 1988. Page ruled on Green's petition for post-conviction relief on June 17, 1988. Both the trial court and Page complied with Trial Rule 63.

State admits that the record, which was before us on appeal, does not indicate that Page had been duly appointed judge pro tempore. Green contends that State waived the right to supplement the record, and therefore, the petition for rehearing should be denied.

Green questioned Page's authority to enter findings of fact and conclusions of law first in his Motion to Correct Errors and then on appeal. State did not disclose the existence of the June 16 order either in response to the Motion to Correct Errors or in its Brief on appeal. Appellate Rule 7.2 prescribes the procedure by which a party may supplement an incomplete record. Rule 7.2(C) provides:

[if] on appeal any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record or is misstated therein, the trial court shall

(1) either before or after the record is transmitted to the court on appeal, or

(2) upon the order of the court of appeal pursuant to the motion of a party or on its own initiative, correct the omission or misstatement and if necessary certify and transmit the supplemental record.

State had notice that Green questioned Page's authority, State never argued that the June 16 order appointing Page judge pro tempore existed. Instead, State erroneously argued that "[Green] waived his claim of error because the commissioner operated under color of authority and served as judge de facto because [Green] submitted to his authority as a judge." Not only does State misstate the law, it misconstrues the facts.

■ When Green appeared before Page at the post-conviction hearing on June 8, 1987, Page was acting as commissioner and asked whether there were any objections to his acting in that capacity. There were none; therefore, Green waived his right to object to Page acting in his commissioner capacity. Green did not appear before Page as judge pro tempore (on June 17 when judgment was entered) and thus could not submit to Page's authority as a judge—or object to it.

■ We can consider only those matters which are contained in the record of proceedings submitted to this court. *Dellenbach v. State* (1987), Ind.App., 508 N.E.2d 1309. Because there was never any response by the State that Page was in fact properly appointed judge pro tempore, we were not put on notice that he was acting under proper authority and thus could not request a supplement to the record as provided by Appellate Rule 7.2(C). Likewise,

State failed to avail itself of the rule's relief.

In *Dellenbach*, the appellant failed to provide record of an instruction for which he claimed error. We stated, "[Appellant] was put on notice by the State's brief that his tendered instruction # 11 had not been included in the record. Rather than petition to supplement the record, as A.R. 7.2(C)(2) would permit, [Appellant] did nothing. Given that [Appellant] was made aware of the deficiency, we do not feel compelled to perfect the record for him." There, we had notice of the deficiency and declined to exercise initiative to supplement the record. Here, we never had notice that Page was, in fact, duly appointed.

The rule that "a party cannot await the result of a proceeding and then assign a claim of error known to it and not claimed when there was yet time for the court to take appropriate action" *Inman v. State* (1985), Ind. 482 N.E.2d 451, 452, is usually cited when a party attempts to raise an issue on appeal that he failed to raise at trial. It seems to be equally applicable here. Because State failed to argue that Page was properly appointed and subsequently failed to avail itself of the relief provided by 7.2(C), it is too late to accept the petition to supplement the record.

GARRARD, P.J., and MILLER, J., concur.