ROBERTSON and BUCHANAN, JJ., concur.

**Robert DUNCANSON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 45A03–8903–PC–105.

Court of Appeals of Indiana, Third District.

Jan. 17, 1990.

---

Susan K. Carpenter, Public Defender, Lee A. Smith, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

**STATON, Judge.**

Robert Duncanson appeals the denial of his Petition for Post–Conviction Relief, presenting the following five issues for our review:[1]

I.   Whether the Court Commissioner was empowered to act as Judge *Pro Tempore* and thus rule on Duncanson's Petition?

II.   Whether the trial court erred by failing to advise Duncanson of his right to a trial by jury at the time of accepting his guilty plea?

III.   Whether the trial court erred by failing to advise Duncanson of the terms of his plea agreement?

IV.   Whether the trial court erred by failing to advise Duncanson of all the advisements required by the Indiana Code prior to accepting his guilty plea?

V.   Whether Duncanson was denied the effective assistance of counsel?

Reversed.

On July 14, 1978, Robert Duncanson (Duncanson) was charged with Robbery, a Class B felony. A written plea agreement was filed on November 29, 1978, pursuant to which Duncanson agreed to plead guilty to the above robbery charge, as well as to another charge of Robbery. In return, the State agreed to a 10 (ten) year sentence and to drop a charge of attempted murder.

A combined Guilty Plea Hearing and Sentencing Hearing was held on December 20, 1978, at which time the court accepted Duncanson's plea of guilty. At this hearing, while Duncanson was advised of some of his rights pursuant to the statute then in effect, i.e., I.C. § 35–4.1–1–3, the court neglected to inform Duncanson of other rights, among which was his right to a trial by jury. Accordingly, Duncanson claims that the court erred by denying his Petition for Post–Conviction Relief, simultaneously alleging that he was denied the effective assistance of counsel and that the Judge *Pro Tempore* was without authority to rule on his petition.

I.

*Judge Pro Tempore*

Duncanson argues that the Commissioner, acting as Judge *Pro Tempore*, had no authority to rule on his Petition for Post–Conviction Relief, inasmuch as the record contained no written evidence authorizing the Commissioner to act as Judge *Pro Tempore*.

Although Duncanson aptly points to *Green v. State* (1989), Ind.App., 540 N.E.2d 130, *reh. denied*, (1989), Ind.App., 544 N.E.2d 172, in support, Duncanson's argument has been mooted. On August 25, 1989, the Appellee, State of Indiana, petitioned this court to supplement the record with documentation indicating that the Commissioner had, in fact, been appointed, in writing, to act as Judge *Pro Tempore* on October 13, 1988. Such documentation was attached to the State's petition.

On August 30, 1989, this court granted the Appellee's petition, directing the Clerk of this Court "to file the tendered appointment of Judge Pro Tempore and thereafter to attach the same to the record of the proceeding together with a copy of this Order." This documentation was incorporated into the record and can be found at pages A–D, located prior to page 1. Such order consequently made Duncanson's argument meritless.

---

1.   Our disposition of Issue II makes it unneces-   sary for us to reach Issues III–V.

## II.

### *Trial By Jury*

Duncanson also claims the trial court erred by denying his petition for post-conviction relief, because the Judge failed to inform Duncanson of his right to a trial by jury at his guilty plea hearing. The State argues that Duncanson was adequately advised of his rights through the other rights enumerated by the Judge. We cannot agree.

Pursuant to *White v. State* (1986), Ind., 497 N.E.2d 893, upon review for post-conviction relief, the petitioner must show that the court's failure to give an advisement was responsible for his decision to plead guilty, thus rendering his plea not knowingly, intelligently, and voluntarily given. *White, supra,* at 905. Furthermore, upon review, the reviewing court is to look at the entire record to determine whether a plea was made knowingly, intelligently, and voluntarily. *Id.* However, the Indiana Supreme Court explicitly excepted the three rights preserved under *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Specifically, the Indiana Supreme Court stated:

> Of course, unless the record reveals that the defendant knew or was advised *at the time of his plea* that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated. (Emphasis added.)

*White, supra,* at 905.

While a plethora of opinions have denied post-conviction relief under the standard enunciated in *White*, these have stopped short of denying petitioners their rights under *Boykin*. Most recently, in *Rose v. State* (1987), Ind.App., 513 N.E.2d 1243, *reh. denied, trans. denied,* the Indiana Court of Appeals reversed a denial of post-conviction relief. There, too, the State had claimed that "the advisements informing Rose that he could subpoena witnesses and could defend himself against the charges sufficiently served to inform Rose of his right of confrontation." *Rose, supra,* at 1245. The Court of Appeals disagreed, based on a finding that the petitioner was not specifically advised of his right to confrontation. The court reasoned:

> The right of confrontation guarantees a criminal defendant the opportunity to cross-examine the witnesses against him. The trial court did not inform Rose of his right to confront and cross-examine witnesses, *nor did the advisements given convey this right to him.* (Emphasis added.)

*Rose, supra,* at 1245.

Similarly, we cannot say the advisements given to Duncanson conveyed the "trial by jury" right to him.[2] At his plea hearing, the court informed Duncanson of three rights, two of which are *Boykin* rights:

> Q: Do you understand further that you have a *right to confront the witnesses* here in Open Court and have an opportunity to *cross examine* on their testimony?
>
> A: Yes I do, Your Honor.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Q: You could *not be compelled to testify* in this case and if you choose not to testify that would not be any evidence of guilt against you. Do you fully understand that, sir?
>
> A: Yes I do, Your Honor. (Emphasis added.)

Record, p. 49, 11. 8–12 and 19–23. However, the third right presented by the court was:

> Q: As a defendant you may also call witnesses on your own behalf and if they do not appear voluntarily you may use the subpoena powers of the Court to compel them to come in. Do you understand that, sir?
>
> A: Yes I do, Your Honor.

Record, p. 49, 11. 13–18. This final advisement does not convey the right to a trial by jury as required by *Boykin* and *White*.

---

**2.** The written plea agreement fails to enumerate *any* rights; the four stipulations relate only to the terms of the agreement.

Consequently, as stated in *Rose*, "where the trial court fails to advise a petitioner of his [*Boykin* rights], he is not required to make a showing of prejudice to obtain post-conviction relief." *Rose, supra,* at 1245. Accordingly, we "remand to the post-conviction trial court with instructions to grant [Duncanson's] petition." *Rose, supra,* at 1246.

Judgment reversed, conviction vacated, and new trial granted.

RATLIFF, C.J., and GARRARD, P.J., concur.