**Robert E. RICHARDSON,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9204–CR–122.

Court of Appeals of Indiana,
Fifth District.

Nov. 9, 1992.

S. Sargent Visher, Choate Visher & Haith, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Appellant-defendant Robert E. Richardson attempts to appeal his conviction for Robbery as a Class B felony and his adjudication as an Habitual Offender. Because there is no final appealable judgment in this case, we are compelled to dismiss this action.

This case was tried to a jury on July 8, 1991, with W.T. Robinette presiding. The preliminary and final jury instructions for both the guilt and habitual phases of the trial were signed by W.T. Robinette as "Judge, Marion Superior Court." *Record* at 63, 78, 87, 92. After deliberation, the jury returned its verdicts of guilty and W.T. Robinette entered judgment on the verdicts. *Record* at 290, 337. The sentencing hearing was conducted on August 6, 1991, with W.T. Robinette presiding. The Abstract of Judgment was signed on the same date by Gary L. Miller as "committing judge." *Record* at 103. The certification of the entire record in this matter was made on February 27, 1992, by W.T. Robinette as Judge of the Marion Superior Court Criminal Division Five. *Record* at 259.

During his preparation for this appeal, counsel for appellant realized there was no Order in the record appointing the commissioner of the court to serve as Special Judge for the trial of this cause.[1] As a result, counsel contacted the trial court and requested a copy of any paper granting such authority. In response, counsel was provided a document entitled "Appointment of Special Judge." On motion of counsel the Chief Judge of this court entered an order allowing appellant to amend the record to include the trial court's Order of Appointment of Special Judge. The Order shows that on May 13, 1992, the presiding judge of Marion Superior Court Criminal Division Five and W.T. Robinette serves as master commissioner for the court.

---

1. We are aware that at all times relevant to this action Gary L. Miller was and now is the regular judge of the Marion Superior Court Criminal

Division Five appointed W.T. Robinette as special judge in this cause. *Record* at 15A.

■ Counsel for appellant pursued the proper course of action in this case. Unfortunately, the action was to no avail for two reasons. First, the appointment of a special judge in a criminal case is controlled by the provisions of Ind.Crim. Rule 13[2] which, among other things, provides:

> (1) the presiding judge, or if there be no such judge, the regular judge of the court shall submit a list of three [3] persons from which, by striking, an appointee may be selected. In a moving party proceeding each party shall strike one [1] name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge.

We have examined the record and find no indication W.T. Robinette was appointed as special judge under provisions of Crim.R. 13.

■ Second, and more importantly, the Order shows W.T. Robinette was appointed as special judge in this case on May 13, 1992, nearly a year after he had presided over the trial. Apparently the appointment was designed as a curative measure to salvage this appeal. However, such an *ex post facto* act cannot suffice in this case as a valid *nunc pro tunc* order because there is, and was, no written memoranda, note, or other memorial of record which demonstrates that W.T. Robinette served in any capacity other than master commissioner. *See Schwindt v. Indiana* (1992), Ind.App., 596 N.E.2d 936. A *nunc pro tunc* entry may be made only so that the record reflects that which was "actually previously done" or "when a simple correction of a clerical error in the record is sought." *Id.* at 938 (citations omitted).

A master commissioner has the same powers and duties as are prescribed by statute for a magistrate. Ind.Code § 33–5–35.1–8(f). The statutes setting forth such powers and duties dictate in relevant part:

> A magistrate:
>
> (1) does not have the power of judicial mandate: and
>
> (2) *may not enter a final appealable order unless sitting as a judge pro tempore or a special judge.*

Ind.Code § 33–4–7–7 (emphasis added).

> A magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. *The court shall enter the final order. In a criminal case, the court shall conduct the sentencing hearing.*

Ind.Code § 33–4–7–8 (emphasis added).

In the case before us W.T. Robinette, sitting as master commissioner, had no authority to enter judgment on the verdict nor did he have authority to conduct the sentencing hearing. Because the decision of a commissioner is a nullity from which no appeal can be taken, *Green v. State* (1989), Ind.App., 540 N.E.2d 130, *reh. denied*, this action must be dismissed.

We are therefore compelled to dismiss this purported appeal, and appellant Richardson is ordered released from the custody of the Department of Corrections and returned to the custody of the Marion County Sheriff.

BARTEAU and CHEZEM, JJ., concur.

---

**2.** Ind.Trial Rule 79 will control the appointment of special judges in criminal cases insofar as it is not in conflict with the Rules of Criminal Procedure. Ind.Crim. Rule 21; *Shaw v. State* (1978), 178 Ind.App. 101, 381 N.E.2d 883. Hence, the provisions of T.R. 79 which allow a special judge selection by agreement of the parties is not applicable in criminal cases.