**John A. BEITZ, a/k/a John A. Poore,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9201–CR–14.**

Court of Appeals of Indiana,
Second District.

Jan. 28, 1993.

William L. Soards, Soards & Fruechtenicht, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

John A. Beitz (a/k/a John A. Poore) attempts to appeal his convictions for battery and child molesting. However, this proceeding must be dismissed because there is no appealable judgment. The record reveals that the sentencing hearing was conducted by a master commissioner. IC 33–4–7–8 (1992 Supp.) specifically provides that the sentencing hearing shall be conducted and the sentencing judgment shall be entered only by a duly qualified judge. *See Richardson v. State* (1992), Ind.App., 602 N.E.2d 178.

Furthermore, following a previous remand for the same deficiency, the supplemental record reflects that the master commissioner and the duly qualified judge attempted to retroactively remedy the error by a nunc pro tunc recommendation of the master commissioner concerning a judgment of sentence and a nunc pro tunc order thereon by the duly qualified judge. However, this tactic is ineffective because, as

---

we stated earlier, the sentencing hearing *must* be conducted by the duly qualified judge. *See id.* At this point in time, the only remedy available is for the duly qualified judge to perform his required duty.

Appeal dismissed and Beitz ordered released from the custody of the Department of Correction and remanded to the Sheriff of Marion County. A copy of this order is directed to be forwarded to the Department of Correction, the Sheriff of Marion County, and the Clerk of this Court.

GARRARD, J., concurs.

SULLIVAN, J., concurs.