**Fred BOUSHEHRY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9302–CR–50.**

Court of Appeals of Indiana,
Fifth District.

Dec. 20, 1993.

William F. Thoms, Jr., Saint Simonsen Thoms & Whitney, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

### ON PETITION FOR REHEARING

Both parties petition for rehearing from our opinion dismissing this appeal for lack of a final appealable judgment. *Boushehry v. State* (1993), Ind.App., 622 N.E.2d 212. We write on rehearing to expand the reasoning behind the dismissal.

Briefly, the facts are that David Lewis was appointed judge pro tempore for the morning session of October 14, 1992, in Marion County Municipal Court Room 9. During that session, Lewis heard evidence in this case. Following the presentation of evidence, the matter was taken under advisement. Lewis attempted to enter a valid judgment of conviction on October 23, 1992. It is from that judgment that Boushehry brought his appeal.

The State, in its petition for rehearing, contends that our holding that a judge pro tempore appointed for one court session does not retain jurisdiction on a case is in error, citing *Harris v. State* (1993), Ind. App., 616 N.E.2d 25, *trans. denied.* Boushehry, in his petition for rehearing, contends that dismissal is too drastic a remedy and too narrow an interpretation of existing case law and asks this court instead to merely stay consideration of the appeal until the procedural defect can be cured. We disagree with the position taken by the State and decline to grant Boushehry's request for a less drastic remedy.

As we held in the original opinion, only a judge may enter an appealable final judgment and a judge is either the duly elected or appointed judge of the court, or a duly appointed judge pro tempore or special judge. *Walls v. State* (1992), Ind.App., 603 N.E.2d 903. In this case, because the judgment was not entered by a judge, it is not final and not appealable. Both the State and Boushehry argue that the result we reach here is contrary to the results reached in other cases decided by the Indiana Supreme Court and by this court. For example, in *State v. Smith* (1973), 260 Ind. 555, 297 N.E.2d 809, our supreme court rejected the defendant's challenge to a post-trial motion being heard by the

judge who conducted the trial because at the time the post-trial motion was filed, that person was no longer the regular judge of that court. The supreme court held that pursuant to Ind. Trial Rule 63, the regular judge who conducted the trial had continuing jurisdiction as if he had been appointed a special judge. Similarly, in *Needham v. Needham* (1980), Ind.App., 408 N.E.2d 562, the First District held that pursuant to the principles underlying T.R. 63, a judge pro tempore has continuing jurisdiction over a case once he begins to hear evidence at trial, as if he had been appointed special judge. Thus, on appeal, the parties could not argue that the judgment was not valid. The First District held the same again in *Harris,* 616 N.E.2d 25, a case where the properly appointed judge pro tempore accepted the defendant's guilty plea, but was not reappointed as judge pro tempore on the day of sentencing.

Boushehry also points to cases where our supreme court has held that the authority of one who acts as a judge de facto under color of authority cannot be collaterally attacked by the parties. Any objection to irregularities in the appointment of a judge pro tempore must be raised at trial. *Survance v. State* (1984), Ind., 465 N.E.2d 1076 (on appeal defendant challenged judgment on ground that judge pro tempore entered judgment while regular judge also was present and conducting business); *see also Gordy v. State* (1974), 262 Ind. 275, 315 N.E.2d 362 (defendant sought reversal of conviction because commissioner entered judgment; challenge to his authority could not be raised for the first time on appeal because he was acting as a judge de facto under color of authority).

We see a major distinction between the posture of this case before us and the cases referred to by the parties. Primarily, in those other cases, a party attempted to challenge the judgment for the first time on appeal, claiming that the acting judge did not have authority to enter judgment. Because objection was not properly made at the trial level, the parties waived any irregularity in the judge's appointment as an error meriting *reversal* of the judgment. Here, however, neither party objected at sentencing that the judge pro tempore had not been properly appointed, nor was the issue raised on appeal, and the defendant does not argue for reversal based upon an invalid judgment. We, *sua sponte,* determined that we did not have a valid judgment to review. While the judgment may be valid as between the parties when they fail to object, we retain the discretion to insist upon a validly entered judgment prior or to review upon appeal.

Further, to the extent that the court in *Needham* and *Harris* held that a judge pro tempore, once he begins hearing evidence in a case, has continuing jurisdiction as if he had been appointed a special judge, we disagree with those cases. As we explained in our original opinion, there is an important distinction between a special judge and a judge pro tempore. A judge pro tempore is appointed for a specified term in the absence of the regular judge and presides over the entire court for that specified term. *Skipper v. State* (1988), Ind., 525 N.E.2d 334. A special judge is appointed for the duration of a particular case only. *Id.* The reasoning in *Needham* and *Harris* impermissibly does away with this important distinction that is recognized by the legislature and court rules. *See* Ind.Code 34–1–13–3 (special judge); I.C. 34–1–13–5 (judge pro tempore); T.R. 79 and Ind.Crim.Rule 13 (special judge); T.R. 63 and Crim.R. 14 (judge pro tempore). The underlying policies of T.R. 63(A), that the judge who presides over a trial should preside over relevant post-trial matters, can be furthered by merely reappointing the judge pro tempore who presided at the trial as judge pro tempore at the time of sentencing. While the results in *Harris* and *Needham* are correct because the parties did not object to an improper appointment at trial, those holdings do not prevent us from insisting that we will review only judgments that have been entered by a properly appointed judge pro tempore acting within his authority.

We stress that we are not holding that the underlying convictions are invalid. We are merely holding that the sentences are not final appealable judgments because they were not entered by a properly appointed judge.

The petitions for rehearing filed by Boushehry and the State are denied.

SHARPNACK, C.J., and CONOVER, J., concur.