Eldon K. COUNCELL & Corinne B. Councell, husband and wife, Appellants–Plaintiffs,

v.

Dave STAFFORD; Graber Realty, Inc., d/b/a Coldwell Banker Graber Realty, Appellees–Defendants.

No. 17A05–9306–CV–212.

Court of Appeals of Indiana, Fifth District.

Dec. 29, 1993.

Transfer Denied April 12, 1994.

Joe A. Rowe, Rowe, Laur & Associates, Kendallville, for appellants-plaintiffs.

Jeffrey L. Turner, Van Horne, Turner, Stuckey & McCanna, Auburn, for appellees-defendants.

RUCKER, Judge.

Plaintiffs–Appellants Eldon K. and Corinne B. Councell (the Councells) sued Defendants–Appellees Dave Stafford and Graber Realty, Inc., d/b/a Coldwell Banker Graber Realty (collectively referred to as "Graber Realty"). The lawsuit involved a dispute over a real estate transaction. A bench trial was conducted before a judge *pro tempore* who entered judgment in Graber Realty's favor. The Councells filed a motion to correct errors challenging, among other things, the propriety of the judge *pro tempore* hearing evidence in the case. The regular judge of the DeKalb Superior Court conducted a hearing and denied the motion. The Councells now appeal raising a single issue for our review which we rephrase as follows:

Were the Councells entitled to a new trial because the judge *pro tempore* owns, operates and receives fees from a school which provides pre-licensing courses to persons preparing for the Indiana Real Estate Examination.

We affirm.

The record reveals the Councells entered into a listing agreement with Graber Realty for the sale of their home. Graber Realty found a buyer; a dispute arose, however, when the buyer threatened litigation because the Councells would not complete the purchase agreement. Apparently, the Councells were required to pay the buyer for holding over after the time had passed for closing the deal. According to the Councells, their problems were the result of Graber Realty's failure, as promised, to include in the purchase agreement language which would have made any sale of their home contingent upon the Councells' obtaining other suitable housing. On September 9, 1992, the Councells filed a three-count complaint against Graber Realty in the Small Claims Division of the DeKalb County Superior Court. The complaint alleged breach of written contract, promissory estoppel and breach of oral contract. Graber Realty answered the complaint, denied the material allegations, and filed a counterclaim alleging entitlement to a $3,840.00 sales commission.

The case was tried to the bench on November 6, and December 11, 1992. Local attorney, William R. Wible, sat as judge *pro tempore*. After hearing evidence, the judge ruled in favor of Graber Realty and entered judgment for $3,000.00. Thereafter, the Councells filed a timely motion to correct errors alleging: (1) newly discovered evidence that Attorney Wible was not properly appointed as a judge *pro tempore* pursuant to Ind. Small Claims Rule 14, (2) newly discovered evidence that Attorney Wible has personal and financial connections to real estate agents and persons seeking to become real estate agents and is the owner of a real estate school, (3) the judgment was excessive, and (4) the judgment was contrary to the evidence. After conducting a hearing, the Honorable Kevin P. Wallace, regular judge of the Dekalb Superior Court denied the motion. The Councells now appeal.

The Councells contend Attorney Wible's familial and financial connection to the real estate business world should have disqualified Attorney Wible from sitting as a judge in this case because it involved real estate agents and brokers.[1] In the alternative, the Councells argue, Attorney Wible should have disclosed any such connection. According to the Councells, they did not receive a fair trial because Attorney Wible could not have been neutral, detached and impartial under the facts of this case.

Although not cited in the Brief of Appellant, at oral argument counsel directed our attention to Indiana Judicial Code Canon 3C(1). The provision dictates in relevant part: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: [specific examples outlined as (a) through (d) which are not relevant here]."[2] The Councells argue that under this provision Attorney Wible was obligated to disqualify himself.

■ We observe a judge *pro tempore* is bound by Canon 3 of the Indiana Code of Judicial Conduct. *See* Ind. Judicial Code, 1992, *Compliance With the Code Of Judicial Conduct.* However, we do not agree Canon 3 obligated Attorney Wible to disqualify himself from this case. First, we note the canons do not have the force and effect of case law. Rather, the Code of Judicial Conduct and the canons thereunder are intended to establish standards for the ethical conduct of judges, the violation of which may result in disciplinary proceedings. *Kizer v. Davis* (1977), 174 Ind.App. 559, 369 N.E.2d 439, 443.

■ Second, it may very well have been more prudent for Attorney Wible to have disqualified himself in this instance. At least the Councells could not now complain the trial was unfair. *See e.g., State ex rel. Mosshammer v. Allen Superior Court No. 3* (1965), 246 Ind. 366, 206 N.E.2d 139, 140 ("[a] court, in the administration of justice, should strive not only to give a fair trial, but to have a party feel he is getting a fair trial"). However, Attorney Wible was under no duty to disqualify himself. Under the language of Canon 3, it is appropriate for a judge to disqualify himself where his "impartiality might reasonably be questioned." The operative word here is "reasonably". The Councells' protestations notwithstanding, we are not convinced Attorney Wible's impartiality can be reasonably questioned.

■ It is true that a judge's recusal is required where the judge has a direct pecuniary interest in the case to be heard. Ind. Code § 33–2.1–8–2; *Board of Trustees of Public Employees' Retirement Fund v. Hill* (1985), Ind., 472 N.E.2d 204, 206, *reh. denied.* However, where the judge's interest is indirect disqualification is unnecessary. *Metsker v. Whitesell* (1914), 181 Ind. 126, 103 N.E. 1078. In the case before us the record reveals Attorney Wible owns a real estate licensing school and teaches a class which prepares students to take Indiana's Real Estate License Examination. Attorney Wible is paid by the school. The record also shows that the wife of one of the defendants had taken the class nearly one year prior to the time of trial. However, the record does not show and the Councells do not contend Attorney Wible is directly involved with Graber Realty, the defendant in this case.

1. The "familial" connection has been raised because Attorney Wible's father and grandfather founded a real estate agency in Auburn, Indiana in 1945. Formerly known as Wible Real Estate, the business was sold in 1982 and is now known as Wible & Associates. Attorney Wible is not connected with the agency and members of his family are no longer involved in the real estate business.

2. The Indiana Code of Judicial Conduct in effect at the time of trial was amended March 1, 1993. Under the present Code the wording in this section remains substantially unchanged, however, the section is now denominated as 3E. The commentary, which does not appear in the 1992 version, is instructive: "Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply.... A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification." Ind. Judicial Code Canon 3E cmt. (1993).

Owning, operating, and receiving a fee from a real estate school is not the kind of direct pecuniary interest which requires a judge to recuse himself or herself from a case simply because the case involves a real estate matter or because one or more of the litigants is a real estate agent or broker. The relationship is not sufficiently close to require disqualification. *See e.g., Mann v. City of Terre Haute* (1960), 240 Ind. 245, 163 N.E.2d 577 (absent a showing that the relationship affected any issue at trial, attorney serving as special judge not required to recuse himself from hearing case involving the city although attorney was representing the city in an unrelated matter); *Needham v. Needham* (1980), Ind. App., 408 N.E.2d 562 (judge *pro tempore* was not required to disqualify himself from hearing a father's petition to modify custody even though judge had a former association with father's attorney).

In this case there has been no assertion Attorney Wible's connection to the real estate business world affected any issue at trial. For example, the Councells do not allege on appeal, as they did in their motion to correct errors, that the judgment was excessive or contrary to the evidence. Nor, do the Councells allege any other trial error requiring reversal of the judgment. Indeed, at oral argument the Councells' attorney specifically conceded he was not alleging bias, prejudice, or any other misconduct on the part of the judge. We must conclude Attorney Wible was not required to disqualify himself from hearing this case.

The Councells also contend that even if Attorney Wible were not required to disqualify himself, he was nonetheless required to disclose his connection to the real estate business world. According to the Councells, such disclosure would have afforded them an opportunity to obtain a change of judge.

We first observe, the question of whether the Councells would have requested a change of judge upon disclosure, is little more than speculation aided by the benefit of hindsight. It is just as likely that after learning of Attorney Wible's expertise in real estate matters, the Councells may very well have been elated that a judge knowl-edgeable of such matters would be hearing their case. In any event, even if the Councells had requested a change of judge there is no guarantee the request would have been granted.

Here, an automatic change of judge was required only if the request had been made within thirty days after the case was docketed for trial. Ind. Trial Rule 76(C)(1). The record reveals this case was first docketed for trial on September 22, 1992. Thus, a motion for automatic change of judge had to be filed by October 22, 1992, nearly three weeks before trial actually began. No such motion was filed and therefore an automatic change of judge would not have been appropriate. When a motion for change of judge is filed after the time period allowed, a party may file an application for change of judge upon obtaining knowledge of the change. T.R. 76(C)(6). In so doing the party must allege "when the cause was first discovered, how discovered, *the facts showing the grounds for a change,* and why such cause could not have been discovered before by the exercise of due diligence." *Id.* (emphasis added). As we have already discussed, owning, operating and receiving fees from a real estate school did not disqualify Attorney Wible from serving as a judge in this case. In like fashion, those same grounds would have been insufficient to support a motion for change of judge. Thus, even had the Councells filed such a motion, the trial court would not have erred by denying it.

For all the reasons discussed herein, the Councells were not entitled to a new trial merely because Attorney Wible, acting as judge *pro tempore* owns, operates, and receives fees from a school which provides pre-licensing courses to persons preparing for the Indiana Real Estate Examination. The trial court did not err in denying the Councells' motion to correct errors.

Judgment affirmed.

SHARPNACK, C.J., and CONOVER, J., concur.