**John W. DEARMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9211–CR–417.

Court of Appeals of Indiana,
Fourth District.

April 20, 1994.

Robert C. Perry, Steckler Perry & Ryan, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Appellant-defendant, John Dearman ("Dearman"), appeals his conviction for Child Molesting, a Class C felony. We affirm.

### Issue

Dearman presents one issue for review, restated as: Whether the master commissioner had authority to conduct Dearman's trial and sentencing, instead of the regular judge of Marion Superior Court, Criminal Division II.

### Facts and Procedural History

On November 21, 1990, the State charged Dearman with ten counts of child molesting, five as Class B felonies, and five as Class C felonies. On December 5, 1990, the State moved to dismiss six counts of the information and the Honorable Webster L. Brewer, regular judge of the Marion Superior Court, Criminal Division II, granted the motion.

Dearman's first trial counsel made an oral motion for a change of judge on November 26, 1990. The trial court granted the motion and named a panel of three judges. On November 30, 1990, Dearman's second counsel filed his appearance with the trial court and filed a motion to vacate and set aside the order granting the change of judge. Following a hearing, the trial court vacated the order and ruled that the case would stay under the jurisdiction of the Honorable Webster Brewer.

The case was scheduled for jury trial on April 11, 1991. Dearman and the State agreed on this date that Andrew J. Fogle, Master Commissioner for the Marion Superior Court, Criminal Division II, would serve as Special Judge for the trial. Fogle continued the trial because of incomplete discovery. The trial was rescheduled to begin on October 10, 1991. Fogle declared a mistrial before jury selection was completed.

On December 6, 1991, Dearman filed a motion for appointment of a special judge. Following a hearing, Fogle denied Dearman's motion and continued to preside over the case.

On January 24, 1992, the Honorable Webster Brewer appointed Fogle as Judge Pro Tempore in the Marion Superior Court, Criminal Division II, for January 28, 29, 30, and 31, 1992. Fogle accepted the appointment on January 28, 1992. Dearman's jury trial commenced January 30, 1992, and concluded in the early morning hours of February 1, 1992. The jury convicted Dearman of one count of child molesting, as a Class C felony.

Fogle conducted Dearman's sentencing hearing on April 15, 1992. Dearman was sentenced to four years in the Indiana Department of Corrections, with two years suspended and two years probation.

*Discussion and Decision*

Dearman contends that Fogle was not properly appointed as special judge and did not have authority to conduct the trial or sentencing.

Ind.Criminal Rule 13 controls the appointment of a special judge in a criminal case. The rule provides, in pertinent part, that:

(1) The presiding judge, or if there be no such judge, the regular judge of the court shall submit a list of three [3] persons from which, by striking, an appointee may be selected. In a moving party proceeding each party shall strike one [1] name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge....

■ Our examination of the record reveals that Fogle was not appointed as special judge under the provisions of Crim.R. 13. On April 11, 1991, Fogle appeared, presum-

ably as master commissioner, for Dearman's first scheduled trial date. While addressing procedural matters, Fogle stated: "[L]et me inform you Judge Brewer is here in person and down in the courtroom. Therefore, if I am to hear this case I must qualify as Special Judge on the matter. That means, Mr. Dearman, that if I hear this case I will be presiding over it.... So I must know at this time is there any objection to my sitting and qualifying as Special Judge on this matter ...?" Neither Dearman nor the State objected to Fogle acting as special judge, and Fogle declared himself qualified as special judge. However, selection of a special judge by agreement of the parties is not allowed in criminal cases.[1]

■ Because Fogle was not a duly appointed special judge in Dearman's case, he acted in his capacity as a master commissioner. A master commissioner has the same powers and duties as are prescribed by statute for a magistrate. Ind.Code § 33–5–35.1–8(f). Under Ind.Code § 33–4–7–7, a magistrate:

(1) does not have the power of judicial mandate; and

(2) may not enter a final appealable order unless sitting as a judge pro tempore or a special judge.

Ind.Code § 33–4–7–8 (West's 1989 Supp.) provides further that:

A magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. The court shall enter the final order. In a criminal case, the court shall conduct the sentencing hearing.[2]

Although it would appear that Fogle overstepped the bounds of his powers and duties as a master commissioner, he did not do so at either the trial or sentencing stage of the proceedings.

---

1. *See Richardson v. State* (1992), Ind.App., 602 N.E.2d 178, 179, n. 2.

2. I.C. § 33–4–7–8 was amended by P.L. 164–1993, Sec. 4 (*effective July 1, 1993*) to read as follows:

(a) Except as provided under subsection (b), a magistrate shall report findings in an evidentiary

hearing, a trial, or a jury's verdict to the court. The court shall enter the final order.

(b) If a magistrate presides at a criminal trial, the magistrate may do the following:

(1) Enter a final order.

(2) Conduct a sentencing hearing.

(3) Impose a sentence on a person convicted of a criminal offense.

On January 24, 1992, the Honorable Webster Brewer appointed Fogle as judge pro tempore of Marion Superior Court, Criminal Division II, for January 28, 29, 30, and 31. Fogle accepted this appointment on January 28. Dearman's jury trial began on January 30, while Fogle was acting as the duly appointed judge pro tem of the court. Curiously enough, the transcript of the trial from January 30 and 31 refers to Fogle as "Special Judge." Fogle also held himself out as special judge by noting "SJ" after his signature on the jury instructions, although he had accepted the appointment as judge pro tem. Even though the parties were under the impression that Fogle was special judge in the case, we must look to the record to derive his status. The record, as supplemented by the State, shows that Fogle was appointed judge pro tempore, and as such, he was acting as judge pro tem during Dearman's trial.[3]

Dearman's sentencing occurred after Fogle's term as judge pro tem. However, it was proper for Fogle to conduct Dearman's sentencing hearing. Once a judge pro tem has begun consideration of the case, he or she has jurisdiction to hear the case to completion. *Harris v. State* (1993), Ind.App., 616 N.E.2d 25, 33, *trans. denied.* We find that Fogle had authority, as judge pro tem, to conduct Dearman's trial and sentencing hearing, and also had authority to sentence Dearman.

This case has caused much confusion as to the capacity in which Fogle was acting prior to, during, and after Dearman's trial. To avoid this needless confusion, the trial court should strictly follow the rules for appointing special judges and judges pro tem. Also, when a court appoints a special judge or judge pro tem, the court should include the official appointment in the record and inform all parties as to the appointment.

Affirmed.

MILLER, J., concurring.

SHARPNACK, C.J., dissenting with opinion.

3. We note that the appointment of Andrew J. Fogle as judge pro tem was signed by the Honorable Webster Brewer on January 24, 1992, but

SHARPNACK, Chief Judge, dissenting.

I respectfully dissent. Judge Fogle was without authority to act beyond the time of his *pro tempore* appointment. *Boushehry* (1993), Ind.App., 626 N.E.2d 497 (on petition for rehearing), 622 N.E.2d 212.

does not bear a file stamp for the day it was presumably entered into the Record of Judgments and Orders.