## LERCH, ADM'R, *v.* EMMETT ET AL.

DECEDENTS' ESTATES.—*Contract.*—A monument was placed on the grave of a decedent at the request of his mother, and she gave her own note for the price. The administrator had no agency in the matter, and made no promise to pay. *Held*, that the party furnishing the monument could not maintain an action against the administrator to recover its value.

PRACTICE.—*Temporary Judge.*—*Bill of Exceptions.*—An attorney properly called to try a cause, in which the judge of the court is disqualified, has the same power over the case as the regular judge would have had if not disqualified. Hence, as the regular judge might have given time and signed the bill of exceptions after the term, the called or appointed judge may and ought to do so in a proper case.

From the Cass Common Pleas.

*D. B. McConnell* and *H. C. Thornton,* for appellant.

*D. P. Baldwin,* for appellees.

PETTIT, J.—This suit was brought by the appellees against the appellant, to recover one hundred and seventy-five dollars, the price of a monument placed on the grave of the decedent by the appellees. Answer, 1st. General denial. 2d. Payment. 3d. That the deceased in his lifetime, the admin-

istrator, nor any other person authorized so to do, ever ordered, bought, or agreed to pay for the same. There was a trial by the court, finding for plaintiffs, appellees, motion for a new trial overruled, and exceptions taken, and this ruling is assigned for error. Judgment was rendered on the finding. Among the reasons or causes for a new trial, this is to be found : " 2. The verdict" (finding meaning) "is not sustained by sufficient evidence." We have carefully examined the evidence which is long, and many parts of it ought not to have been admitted because irrelevant, but there is not a scintilla of evidence by word or implication, that can sustain the finding and judgment against the administrator; but, on the contrary, the evidence clearly and without contradiction shows, that the mother of the deceased made the contract for the monument and gave her note for it. This is not a case of conflict of evidence, for it is all one way. There is one other question that is raised by the attorney for the appellees. The judge of the court, when this case was called, having been of counsel and employed by the appellees, appointed an attorney of the court to try the case. It is contended that the bill of exceptions, as to the evidence, is not properly in the record, because it was signed by the appointed judge after the term had ended.

When a judge is disqualified to try a case, he may, by law, call an attorney to take his place in the trial of the cause. The attorney takes the bench, the judge goes to the bar and tries the case. In such a case, the attorney, or judge *pro tem.*, has all the power of the regular judge over or in the case.

The statutes of this State provide, that in civil cases time may be given after the term to fille bills of exceptions. When an attorney or judge has been called or appointed to try a case in the place of the regular judge, such called or appointed judge has the same power over the case as the regular judge would have had, if he had not been disqualified ; hence, as the regular judge might have given time and signed a bill of exceptions after the term, the called or appointed judge may and ought to do so in a proper case.

*The Travellers' Insurance Co.* v. *Leeds*, 38 Ind. 444, is not like this case. In that, the regular judge had heard the evidence and was not disqualified. The appointed judge had only heard an argument for a new trial. In this case, the regular judge was disqualified, and the appointee had heard the evidence and tried the whole cause.

The judgment is reversed, at the costs of the appellees.