**Mitchell Wayne ANDREWS,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9106–CR–00182.**

Court of Appeals of Indiana,
Fifth District.

March 25, 1992.

Rehearing Denied May 15, 1992.

David E. Cook, Samper Hawkins Atz & Cook, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Mitchell Wayne Andrews appeals his conviction for dealing in cocaine as a Class A felony[1] and possession of cocaine as a Class C felony[2] for which he received a sentence of twenty years. Andrews raises four issues for review which we consolidate and rephrase as:

1. Did the trial court err in denying Andrews' motion for a mistrial based on the State's failure to give neutral reasons for peremptorily challenging two Black prospective jurors?

2. Whether certain items admitted into evidence were the product of an unreasonable search and seizure?

3. Whether Andrews was denied his Sixth Amendment rights of confrontation and cross-examination?

4. Did Andrews receive ineffective assistance of counsel?

We affirm.

On June 13, 1988, The Metropolitan Drug Task Force (Task Force), through the use of a confidential informant, purchased cocaine from Mitchell Wayne Andrews. The controlled buy was conducted under the surveillance of two Task Force detectives. Andrews was not arrested at that time.

On September 15, 1988, the confidential informant contacted the Task Force and advised them that Andrews had telephoned him and wanted to sell an ounce of cocaine for $2,000.00. A controlled buy was arranged for that afternoon. When Andrews arrived at the agreed location, a restaurant parking lot, his truck was blocked by a Task Force officer. Andrews was ordered from his truck at gunpoint. No drugs were purchased, nor was money exchanged. The police officers arrested Andrews without a warrant based on the June 13, 1988 sale.

After the arrest, the police officers conducted a search of Andrews as well as his truck. In Andrews' shirt pocket the officers found a small packet of cocaine. In Andrews' truck, the police found an attache case containing jewelry and money; they also discovered a drawstring pouch containing several packages of cocaine. The police seized the drugs and took pictures of Andrews' truck and attache case.

Andrews was charged with two counts of dealing in cocaine and two counts of possession of cocaine. He filed a motion to suppress the evidence seized on September 15, 1988, which the trial court denied. The case proceeded to trial. During voir dire, Andrews moved for a mistrial because of the prosecutor's alleged abuse of perempto-

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

ry challenges against two Black prospective jurors. The motion was denied. At trial, the photographs as well as the cocaine seized on September 15, 1988, were admitted into evidence. The jury found Andrews guilty of one count of dealing in cocaine as a Class A felony and one count of possession of Cocaine as a Class C Felony. The jury could not reach a decision on the other two counts and the trial court declared a mistrial as to them. Andrews now appeals.

## I.

Andrews claims the trial court erred in denying his motion for a mistrial based on the State's failure to give a neutral explanation for the peremptory challenge of two Black prospective jurors.

The equal protection clause of the United States Constitution forbids a prosecutor from peremptorily challenging potential jurors solely on account of their race or on the assumption that Black jurors as a group will be unable to impartially consider the State's case against a Black defendant. *Phillips v. State* (1986), Ind., 496 N.E.2d 87 citing *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69. In order to reverse a conviction based on the *Batson* equal protection analysis, an appellant must show: 1) he is a member of a cognizable racial group; 2) the prosecutor has exercised peremptory challenges to remove that group's members from his jury; and 3) the facts and circumstances of his case raise an inference the exclusion was based on race. *Batson, supra.* Once the defendant has made a prima facie case, the burden rests with the State to show a neutral explanation, not necessarily rising to the level of a challenge for cause, for the exclusion of the Black prospective jurors. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723.

■ In this appeal, both parties focus their arguments on the the prosecutor's statement showing why two Black prospective jurors, Mr. Woods and Mr. Segraves, were peremptorily excluded. Andrews argues the statement failed to satisfy the *Batson* requirement for a neutral explanation, and the State argues the prosecutor

met the standard set forth in *Batson*. In stating his reasons for the peremptory challenge of the Black prospective jurors, the prosecutor explained:

As to [Mr. Woods and Mr. Segraves], based upon their answers and their demeanor in the way that they answered the question, and the way that the other jurors answered—particular[ly] Mr. Woods—I, In fact, felt after consulting with the police officer that, in fact, he would not be the type of juror the State would like. So there is—I'm for the record, stating that there is no racial selection here. The State has passed on two specific black jurors. These challenges are for my own reasons as a lawyer; not because of the race of the jurors.

*Record* at 324–25. When questioned further by the court the prosecutor replied, "I gave my reasons on the record, Judge. And I will stand on those reasons." *Record* at 326–27.

Our supreme court has explained " 'neutral' explanation does not mean 'justifiable on strategic grounds,' nor does it mean 'practiced with regard to something other than the struck juror's racial identity with the defendant.' It means 'neutral with regard to the struck juror's group identity'— here, race-neutral." *Minniefield v. State* (1989), Ind., 539 N.E.2d 464, 466, *reh. denied.* The State directs our attention to three cases in which the prosecutor's reasons for peremptorily challenging Black jurors were deemed sufficient to rebut the showing of purposeful discrimination. In *Phillips, supra* the state removed three Black veniremen; one indicated she was acquainted with a potential state's witness, another indicated he had a brother and sister who had been previously convicted in the county, and the third venireman indicated she was familiar with one of the officers involved in the case. Our supreme court determined there was no purposeful racial discrimination in the selection of the jury. *Id.* In *Rhone v. State* (1986), Ind., 492 N.E.2d 1063 a Black venireman who was once a defendant indicated a reluctance to convict on the basis of a single

eye-witness' testimony. The state's peremptory challenge was upheld on appeal as proper under *Batson*. In *Merritt v. State* (1986), Ind., 488 N.E.2d 340 a Black venireman who was late for voir dire was held properly excluded under *Batson*. In the case before us, according to the State, the prosecutor's reasons for excluding the Black jurors were even more substantial than the reasons accepted as sufficient to rebut a showing of discriminatory peremptory challenges in the cases cited. We disagree.

The statements, "not the type of juror the State would like," "my own reasons as a lawyer," and that the exclusions were "not because of the race of the jurors" fail to constitute a neutral explanation as to why the prospective jurors were excluded. The prosecutor's statements in this case do not sufficiently rebut a prima facie case of race discrimination.

■ Notwithstanding the prosecutor's unsatisfactory attempt to provide a neutral explanation for excluding the two Black veniremen, we find no error. Andrews successfully established the first two prongs of the prima facie test announced in *Batson;* he is Black and the prosecutor exercised peremptory challenges to remove Blacks from the jury. However, absent a showing of facts and other relevant circumstances raising an inference of purposeful racial discrimination, the burden of providing a neutral explanation for the exclusion does not shift to the prosecutor. *Sutton v. State* (1990), Ind.App., 562 N.E.2d 1310, *trans. denied, cert. denied* (1991), —— U.S. ——, 112 S.Ct. 598, 116 L.Ed.2d 621.

Here, Andrews failed to show that facts and circumstances of his case raise an inference that the exclusions were based on race, the third prong of the test for a prima facie case under *Batson*. Further, our review of the record does not support an argument for purposeful racial discrimination. The jury deciding Andrews' case included two Black jurors. We hasten to add our inquiry of facts and circumstances giving rise to an indication of purposeful race discrimination will not be narrowed simply because the final jury includes one or more Black jurors. However, the number of Black jurors remaining after voir dire is at least one factor in our determination. Other relevant facts and circumstances also fail to suggest racial discrimination. Of approximately thirty-five prospective jurors called and questioned during voir dire, five were Black. One Black juror was excused for cause, two were peremptorily challenged. The prosecutor used his remaining peremptory challenges to exclude white jurors. The questions posed on voir dire to and the responses given by the peremptorily challenged white jurors were essentially the same questions posed to and responses given by the peremptorily challenged Black jurors. Essentially, our review of the facts and relevant circumstances in this case reveals no purposeful race discrimination. Andrews has failed to make a prima facie case.

## II.

■ Andrews next claims his conviction should be reversed because the evidence admitted against him was the product of an unreasonable arrest, search, and seizure. He claims no probable cause existed for the arrest on September 15, 1988. Therefore, according to Andrews, the search was incident to an unlawful arrest and thus the evidence obtained thereby was improperly admitted into evidence.

This argument is waived. While Andrews made timely objections to the admission of the evidence seized from the September 15 search on other grounds, he did not object to the admission of this evidence on the basis of an illegal search and seizure. A defendant may not state one reason for an objection at trial and raise different grounds on appeal. *Petruso v. State* (1982), Ind., 441 N.E.2d 446. Failure to object constitutes a waiver of this issue for appellate review. *Wade v. State* (1986), Ind., 490 N.E.2d 1097.

## III.

■ Andrews also contends he was denied the right of confrontation and cross-examination because the trial court limited his cross-examination of the confidential

informant. Specifically, Andrews claims he was prejudiced by the trial court's refusal to allow inquiry into the circumstances surrounding other buys the informant made in agreement with the police and the period of time during which the informant associated with drug users and prostitutes. Andrews also complains the trial court denied him the opportunity to make an offer to prove the relevancy of the forgoing evidence.

The right to confront witnesses granted by our Federal and State Constitution includes the right of full, adequate and effective cross-examination, which is fundamental and essential to a fair trial. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280. A trial court is allowed to control the conduct of cross-examination, and only a clear abuse of discretion will permit a reversal. An abuse of discretion is shown when the restriction relates to a matter which substantially affects the defendant's rights. *Terre Haute First National Bank v. Stewart* (1983), Ind.App., 455 N.E.2d 362. A defendant objecting to restriction placed on the scope of cross-examination must demonstrate how he was prejudiced by the trial court's action. *Id.*

The trial court in this case afforded Andrews wide latitude in the cross-examination of the confidential informant. The examination revealed, among other things, the informant's prior criminal history, his relationship with the police concerning other controlled drug buys, his present unemployment, and that the informant is a drug dealer. Given the testimony elicited from the informant on cross-examination, the jury was under no illusion concerning the informant's credibility or character. Andrews has failed to demonstrate how he was prejudiced by the trial court's action. We find no error.

### IV.

Andrews next complains his conviction should be reversed because he received ineffective assistance of counsel. He claims his counsel's failure to object to the introduction into evidence of items recovered in the September 15, 1988 search and seizure constitutes legal representation falling below an objective standard of reasonableness and resulting in prejudice depriving him of a fair trial. *Smith v. State* (1989), Ind., 547 N.E.2d 817 citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

This court recognizes a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *Dillon v. State* (1986), Ind., 492 N.E.2d 661. On appeal the defendant has the burden of showing strong and convincing evidence to the contrary in order to rebut the presumption of competence. *Burr v. State* (1986), Ind., 492 N.E.2d 306. In order to prevail on a claim of ineffective assistance of counsel, Andrews must show 1) counsel's representation was deficient and 2) the deficient performance so prejudiced Andrews as to deprive him of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292 following *Strickland, supra.* Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that but for counsel's errors, the result of the proceeding would have been different. *Id.*

██ In order to establish counsel's failure to object amounts to ineffective assistance of counsel, appellant must show that had the objection been made, it would have been sustained by the trial court. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. Here, counsel's objection to the admission of the items and evidence recovered pursuant to the September 15, 1988 search and seizure would have been properly overruled.

Validity of a warrantless arrest depends on the facts of each case. *State v. Smith* (1990), Ind.App., 562 N.E.2d 1308. Police officers may make a warrantless arrest in a public place if they have probable cause to believe the suspect has committed a felony. *Collins v. State* (1987), Ind., 509 N.E.2d 827. Probable cause exists when at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution to believe the defendant had com-

mitted the criminal act in question. *Snellgrove v. State* (1991), Ind., 569 N.E.2d 337.

 In this case, the arresting officers had probable cause to believe a felony had been committed on June 13, 1988. On that date Andrews arrived at a prearranged location, met with the informant and exchanged marked money for a package which was later identified to contain cocaine. The transaction was videotaped by the police. Andrews complains the passage of three months from the date of the buy to the date of arrest eliminates the preexisting probable cause. Andrews cites no authority for this proposition and our own research fails to reveal any such authority. While the better practice would have been to obtain an arrest warrant, the officers nonetheless had probable cause to arrest Andrews in a public place on September 15, 1988 for the June 13 transaction.

An officer need not obtain a search warrant if the search is conducted incident to a lawful arrest. The purpose of such a search is to protect the officer and to prevent destruction of evidence by an arrestee. *Jones v. State* (1984), Ind.App., 467 N.E.2d 1236. Because the arrest in this case was lawful, the officers' search of Andrews and his truck was not constitutionally infirm. The items seized as a result of the search were properly introduced into evidence, and any objection to this evidence would have been properly overruled.

Next, Andrews contends his counsel's failure to object to the confidential informant's testimony regarding prior uncharged cocaine deals with Andrews constitutes ineffective assistance of counsel. We disagree.

Generally, evidence of crimes or criminal acts other than those charged is inadmissible on the question of guilt. However, such evidence may be properly introduced for purposes of showing intent, motive, purpose, identity or common scheme or plan. *Chinn v. State* (1987), Ind., 511 N.E.2d 1000, *reh. denied.* In this case testimony concerning Andrews' prior drug dealing was properly admitted under the common plan or scheme exception to the general rule of inadmissibility. *See Gaines v. State* (1983), Ind.App., 456 N.E.2d 1058 (testimony regarding an officer's prior purchases of drugs from the defendant was admissible to show common scheme or plan). Andrews has failed to demonstrate that had objection been made, it would have been sustained by the trial court. *Grigsby, Supra.* Andrews was not denied effective assistance of counsel.

Judgment affirmed.

SHARPNACK and ROBERTSON, JJ., concur.