Frederick **WALLS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee.**

No. 49A02–9207–CR–325.

Court of Appeals of Indiana, Second District.

Nov. 25, 1992.

William L. Soards, Soards & Fruechtenicht, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen.,[1] Indianapolis, for appellee.

## DISMISSAL OF APPEAL

SULLIVAN, Judge.

While we sympathize with the efforts of Appellant to have his appeal considered upon the merits, the present posture of the case does not afford this court that latitude.

On July 12, 1990, a jury convicted Frederick Walls of Burglary, a Class B felony, and Criminal Confinement, a Class D felony. Prior Record at 42–43.[2] A sentencing hearing was held on August 13, 1990. Prior Record at 365. Walls received a ten-year sentence, of which two were suspended, for the burglary conviction; a one-and-one-half year sentence for the confinement conviction ran concurrent to the burglary sentence. Prior Record at 379. Walls filed the first praecipe and notice of appeal on September 10, 1990; the record of proceedings followed on January 28, 1991. Prior Record at 1. On March 26, 1991, this court dismissed the September, 1990 appeal because Walls failed to comply with an order to show cause why the appeal should not be dismissed for want of final judgment.[3] Record at 14–15. *See State ex rel. Smith v. Starke Circuit Court* (1981) 275 Ind. 483, 417 N.E.2d 1115 (failure to secure signature of regular judge upon an abstract of judgment precludes appellate review). Walls attempted to remedy this defect by petitioning the trial court for a nunc pro tunc entry on April 2, 1992. Rec-

ord at 18. The trial court granted the petition on April 10, 1992. Record at 21.

We understand why the now regular judge of the court, Judge Darden, felt it appropriate that the then regular judge of the court, Judge Jimison, be the person or authority to validate the 1990 verdict, judgment, and sentence. Judge Jimison, however, did so by way of a purported nunc pro tunc order making such validation effective as of July 12, 1990, and August 13, 1990, respectively. *Record* at 21. Even were we to find some written memorialization justifying a nunc pro tunc order in this circumstance, that order creates quite a different impediment to the consideration of the instant appeal.

 Clearly, the original praecipe filed on September 10, 1990, cannot serve as the impetus for the present appeal because the present nunc pro tunc entry was not of record and could not be thereby included in a record of proceedings which took place prior to September 10, 1990. Furthermore, the praecipe herein filed on April 29, 1992, cannot serve as a timely praecipe because it occurs some two years after the date of the final judgment as specifically set forth in the nunc pro tunc entry. The April, 1992 appeal would thereby be subject to dismissal for failure to file a timely praecipe. Ind.Appellate Rule 2(A).[4]

However, we may acknowledge that to focus upon the time of filing of the respective praecipes might seem to elevate form over substance and to penalize Appellant for erroneously utilizing a nunc pro tunc entry when an entry of validation dated

**1.** Appellee filed no brief in response to Appellant's brief.

**2.** The citation to "Prior Record" refers to the record of proceedings filed with this court on January 28, 1991 in Cause No. 49A02–9012–CR–705. The present appeal has been docketed as Cause No. 49A02–9207–CR–325. The record of proceedings filed in the instant action will be cited as the "Record."

**3.** This court noted that the record revealed that a master commissioner, and not a duly appointed special judge, presided at trial. The trial court failed to enter the final order which is

based upon a master commissioner's report of the jury's verdict. *Breaziel v. State* (1991) 1st Dist. Ind.App., 568 N.E.2d 1072, 1073 (master commissioners of Marion County may hear evidence and report jury verdict to the court, but a judge must enter any judgments or final order as set forth in I.C. 33–5–35.1–8(f); 33–4–7–4; 33–4–7–8 (Burns Code Ed.1992)).

**4.** Some argument might be made that the April, 1992 praecipe may serve as a belated praecipe as contemplated by Ind. Post–Conviction Rule 2(1). For reasons hereinafter stated, we need not address such hypothetical argument.

April 10, 1992, might have been effective for a review of this appeal upon its merits.

Be that as it may, a more important and unavoidable impediment exists with respect to the consideration of this appeal. Indiana Code § 33–4–7–8 clearly sets forth that a magistrate may not conduct a sentencing hearing. When the former appeal was dismissed and Appellant's counsel sought resurrection of the matter, only the regular judge, a duly appointed special judge or a judge pro tem could conduct the sentencing hearing. *Schwindt v. State* (1992) 2d Dist. Ind.App., 596 N.E.2d 936 (master commissioner's role is limited by statute and does not extend beyond assisting and informing the court). It is solely within the power and authority vested in the regular judge, or a duly appointed judge pro tem or a special judge, to conduct the sentencing hearing, to impose the sentence, and to execute the Abstract of Judgment. *Schwindt, supra.*

The present posture of the record before us contains what may or may not be a validation of the verdict as approved by Judge Pro Tem Z. Mae Jimison. However, no valid sentencing hearing or sentencing has occurred. With some reluctance, but in the hope that all attorneys, judges, and support personnel dealing with matters of this nature will scrupulously apply binding law, we now, therefore, dismiss this appeal and order the defendant discharged from the custody of the Department of Corrections and remanded to the custody of the Sheriff of Marion County. *Rivera v. State*, (1992) 2d Dist. Ind.App., 601 N.E.2d 445.

BUCHANAN and RATLIFF, JJ., concur.