**Fred BOUSHEHRY, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9302–CR–50.**

Court of Appeals of Indiana,
Fifth District.

Oct. 18, 1993.

William F. Thoms, Jr., Saint Simonsen Thoms & Whitney, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office Of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Appellant Fred Boushehry attempts to appeal from seven convictions stemming from the killing of two Canadian geese. We are, however, unable to reach the merits of his appeal because there is no final appealable judgment in this case.

As originally filed, the record, although referring to the individual who presided over the case as judge pro tempore, contained nothing to show that the individual had been properly appointed to act as a judge pro tempore. Consequently, this Court issued a writ of certiorari to the Municipal Court Clerk to forward the appropriate pro tempore appointments and a chronological case summary.

We are now in receipt of the items requested from the Clerk. They reflect that on October 13, 1992, due to the absence of Judge Charles Wiles, David Lewis was appointed judge pro tempore of Marion County Municipal Court Room 9 for the morning session of October 14, 1992, by Municipal Court Presiding Judge Evan Dee Goodman. Trial was held in this cause on that date. An appropriate pro tempore appointment sheet provides this information.

The problem lies with the other information provided. David Lewis informs us, through affidavit, that he took the case under advisement and ruled on it on October 23, 1992. The Orders of Judgment of Conviction are also dated October 23, 1992, and signed by Lewis. However, the record is devoid of any indication that David Lewis had been appointed judge pro tempore for any time period on October 23, 1992.

Only a judge may enter an appealable final judgment.[1]  *Walls v. State*

---

1. Effective July 1, 1993, Indiana Code 33–4–7 has been amended to permit magistrates who preside at a criminal trial to (1) enter a final order; (2) conduct a sentencing hearing; and (3) impose a sentence on a person convicted of a criminal offense.  I.C. 33–4–7–8; P.L. 164–1993, Sec. 4.

(1992), Ind.App., 603 N.E.2d 903. A judge is either the duly elected or appointed judge of the court, or a duly appointed judge pro tempore or special judge. *Id.* The distinction between a special judge and a judge pro tempore is important. A judge pro tempore is appointed for a specified time period in the absence of the regular judge. *Kimball v. State* (1985), Ind., 474 N.E.2d 982. A special judge is appointed for the duration of a case. *Id.; Schwindt v. State* (1992), Ind.App., 596 N.E.2d 936. Had Lewis been a special judge in this matter, his action of ruling on October 23, 1992, would have been valid. However, because he was instead a judge pro tempore, his authority to enter a judgment ended at the same time his appointment did. Because he was only appointed judge pro tempore for the morning session on October 14, 1992, his appointment had long expired when he attempted to enter judgment. The appropriate procedure would have been to appoint Lewis judge pro tempore again briefly on October 23, 1992, in order to permit him to enter a valid judgment. Because that was not done in this case, we have no appealable final judgment and must dismiss this appeal.

SHARPNACK, C.J., and CONOVER, J., concur.