Dwight BILLINGSLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9305–CR–243.

Court of Appeals of Indiana, Second District.

Aug. 29, 1994.

and whether there was sufficient evidence to convict him of theft. We affirm.

## FACTS

The facts most favorable to the judgment establish that Indianapolis Police Officer Terry Eden observed a parked van blocking the street. Officer Eden approached the van. Jamie Hurt, the driver and registered owner, identified himself. As the officer looked into the van, he spotted some tools including at least one marked "Blue & White." Hurt informed the officer that the tools belonged to Billingsley. When Billingsley returned to the vehicle, he said that he had obtained the tools from someone outside the Blue and White Service Station and was keeping the tools until he could turn them over to his boss. Officer Eden took possession of the tools and allowed Billingsley and Hurt to leave.

Officer Eden, accompanied by Officer Peter Koe, proceeded to the Blue and White Service Station. There they found the door pried open from the inside and a hole through the ceiling and roof. Heavy equipment parked outside the building and a ladder inside made it possible to climb onto the roof and down into the building. The officers also noticed a broken vending machine coin box. The station manager, Dallas Hold, came to the station and identified the tools taken from Billingsley as the Blue and White's property. Hold told the officers that he had locked up about 7:00 p.m., at which time the tools were there, and the door, roof, ceiling, and vending machines were undamaged. Billingsley and Hurt then came to the station and were arrested.

## DISCUSSION AND DECISION

### I. Appointment of Judge pro tempore.

 The first argument Billingsley advances is that the judge pro tempore was not properly appointed and, accordingly, did not have the authority to enter judgment upon the jury's verdict and conduct sentencing.

Belle T. Choate, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

Dwight Billingsley appeals his conviction for Theft,[1] a Class D felony, and the subsequent finding that he is an habitual offender. Billingsley presents two issues for review: whether a final judgment was properly entered by a duly appointed judge pro tempore

---

1. IC 35–43–4–2(a) (1988 Ed.).

The Record reflects that the trial judge, the Honorable William Marsh, was appointed Judge pro tempore for January 25, 1993. Billingsley's trial commenced on such date and concluded on January 26, 1993. Sentencing was conducted by the Honorable William Marsh on February 26, 1993. The Record does not contain a judge pro tempore appointment for any date after January 25, 1993.

The question of the continuing authority of a judge pro tempore to act subsequent to the date of his or her appointment is one with which this court and our supreme court have repeatedly dealt. Early Indiana cases treated judges pro tempore and special judges as subject to the same rules relating to their authority and term. In *Lerch v. Emmett* (1873), 44 Ind. 331, our supreme court said:

> "When a judge is disqualified to try a case, he may, by law, call an attorney to take his place in the trial of the cause.... In such a case, the attorney, or judge *pro tem.*, has all the power of the regular judge over or in the case.... When an attorney or judge has been called or ·appointed to try a case in the place of the regular judge, such called or appointed judge has the same power over the case as the regular judge would have had, if he had not been disqualified; hence, as the regular judge might have given time and signed a bill of exceptions after the term, the called or appointed judge may and ought to do so in a proper case."

*Id.* at 332. In *Staser v. Hogan* (1889), 120 Ind. 207, 21 N.E. 911, our supreme court held that a judge pro tempore after the term of trial was the proper judge to rule on a motion for a new trial and enter judgment on the verdict.

The court distinguished between a special judge and a judge pro tempore for the first time in *State ex rel. Hodshire v. Bingham* (1941), 218 Ind. 490, 33 N.E.2d 771, 134 A.L.R. 1126. Notwithstanding such distinction, the court held that although the general authority of a judge pro tempore expired when the regular judge resumed the bench, the judge pro tempore was the judge to rule on a motion for new trial, even though such motion was filed after the expiration of the term of the judge pro tempore's appointment. Finally, in *State ex rel. Harp v. Vanderburgh Circuit Court* (1949), 227 Ind. 353, 85 N.E.2d 254, the court cited the foregoing cases and stated that "the irresistible conclusion from these cases is that the trial judge was the proper judge to rule on the motion for new trial [and] enter judgment on the verdict...." 227 Ind. at 362, 85 N.E.2d 254.

In *Needham v. State* (1980), Ind.App., 408 N.E.2d 562, and *Harris v. State* (1993), Ind. App., 616 N.E.2d 25, 33, *trans. denied,* the first district of this court followed the line of authority extending to *Lerch, supra,* and held that a properly appointed and sworn judge pro tempore has continuing jurisdiction in a case once such judge begins hearing evidence at trial.

In *Boushehry v. State* (1993), Ind.App., 622 N.E.2d 212, *aff'd on rehearing,* 626 N.E.2d 497, *trans. denied,* our fifth district rejected *Needham* and *Harris* and held that a judgment entered by a judge pro tempore subsequent to the date of his appointment was invalid. The court said:

> "A judge pro tempore is appointed for a specified term in the absence of the regular judge and presides over the entire court for that specified term. *Skipper v. State* (1988), Ind., 525 N.E.2d 334. A special judge is appointed for the duration of a particular case only. *Id.* The reasoning in *Needham* and *Harris* impermissibly does away with this important distinction that is recognized by the legislature and court rules. *See* Ind.Code 34–1–13–3 (special judge); I.C. 34–1–13–5 (judge pro tempore); T.R. 79 and Ind.Crim.Rule 13 (special judge); T.R. 63 and Crim.R. 14 (judge pro tempore). *The underlying policies of T.R. 63(A), that the judge who presides over a trial should preside over relevant post-trial matters, can be furthered by merely reappointing the judge pro tempore who presided at the trial as judge pro tempore at the time of sentencing.* While

the results in *Harris* and *Needham* are correct because the parties did not object to an improper appointment at trial, these holdings do not prevent us from insisting that we will review any judgment that has been entered by a properly appointed judge pro tempore acting within his authority."

*Id.* at 499 (Emphasis added).

*Boushehry* imposes a requirement not found in Ind. Trial Rule 63, and requires a subsequent appointment whenever a validly appointed judge pro tempore takes a case under advisement, continues a case to a subsequent date, or orally directs the entry of judgment with a written entry to follow. Extended to its logical conclusion, *Boushehry* would mean that a judge pro tempore appointed for a day and who in the course of such appointment commences a jury trial in which deliberation extended beyond midnight could not receive the jury's verdict, discharge the jury or enter judgment upon such verdict without first obtaining an additional appointment.

The *Boushehry* requirement of a subsequent appointment is inconsistent with notions of judicial economy and, as a practical matter, may not be possible. If the regular judge has resumed the duties of the court, the judge pro tempore cannot be appointed as judge pro tempore. *See Survance v. State* (1984), Ind., 465 N.E.2d 1076. Moreover, where does a judge pro tempore obtain such an appointment when the jury signals at 12:01 a.m. that it has reached its verdict?

Also, it might not be possible to continue the judge pro tempore's authority by appointing him or her as special judge. Ind. Trial Rule 79 and Ind. Crim. Rule 13 set forth the exclusive procedure for appointment of a special judge. If such procedure is not followed, the appointment constitutes error. *See Shaw v. State* (1978), 178 Ind.App. 101, 381 N.E.2d 883. Finally, as noted in *Boushehry,* a special judge serves for the duration of the case. A lawyer who essentially volunteers a day of his or her time to serve as a judge pro tempore, who hears a preliminary matter in a complex proceeding, and who takes such matter under advisement may be unwilling to serve as special judge in that matter to its conclusion; the parties may similarly be unwilling to consent to such service.

██ We decline to follow the reasoning in *Boushehry* and hold that although the general authority of a judge pro tempore terminates at the expiration of the term of the appointment, a judge pro tempore has continuing special jurisdiction to:

1. Rule upon any motion or matter taken under advisement during the term of appointment;

2. Conclude and rule upon any trial or hearing commenced, but not concluded, during such term;

3. Hear and determine all motions relating to the evidence or conduct of a trial or hearing commenced during the term of appointment; and

4. Conduct the sentencing hearing and impose sentence in a matter tried during the term of appointment.

Such continuing special authority derives from the appointment and qualification of the judge pro tempore, and no further order of appointment or subsequent qualification is required. The judge pro tempore has the authority, and, indeed, the responsibility under the clear language of Ind. Trial Rule 63(A), to exercise such continuing special jurisdiction.

Applying the foregoing to the present action, we hold that the Honorable William Marsh, having been duly appointed and duly sworn as judge pro tempore and having commenced the trial of the defendant during the term of such appointment, had the authority to preside over Billingsley's trial to its conclusion and over Billingsley's sentencing.[2]

**II. Sufficiency of the evidence.**

██ The second issue presented is whether there was sufficient evidence to convict

**2.** This holding does not require that such judge pro tempore preside at sentencing nor prevent

the regular judge of the court or another validly appointed judge pro tempore from presiding

Billingsley of theft. Billingsley argues that because the jury found him not guilty of burglary, it was inconsistent to find him guilty of theft.

In addressing the issue of sufficiency of the evidence, appellate courts will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Dausch v. State* (1993), Ind., 616 N.E.2d 13.

IC 35–43–4–2(a) provides:

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits Theft, a Class D felony...."

The unexplained possession of recently stolen property supports an inference of guilt of the theft of that property. *Steele v. State* (1985), Ind., 475 N.E.2d 1149, 1154. Here, Billingsley was in possession of tools identified by their owner as recently stolen. Although Billingsley offered conflicting evidence, such conflict is not determinative. The jury observed the witnesses and heard the testimony; it must reconcile such conflicts in order to reach a verdict. *Wear v. State* (1992), Ind., 593 N.E.2d 1179, 1180. There was sufficient evidence for the jury to return a guilty verdict.

Affirmed.

FRIEDLANDER and HOFFMAN, JJ., concur.

over a criminal defendant's sentencing. *See*     *Williams v. State* (1985), Ind., 485 N.E.2d 100.