Djuan WOODS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9309–CR–477.

Court of Appeals of Indiana,
Second District.

Oct. 6, 1994.

William F. Thoms, Jr., Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

Djuan Woods appeals his conviction of Possession of Cocaine,[1] a class D felony. Upon appeal, Woods presents two issues for our review, which we restate.

I. Did the trial court err in denying Woods's motion to suppress evidence, which was based upon Wood's contention that the evidence was obtained through an illegal search of a vehicle?

II. Was the evidence sufficient to support Woods's conviction?

We affirm.

The facts favorable to the judgment show that on February 8, 1993, Indianapolis Police Officer Brian Roach, while on patrol, observed Woods driving a car with a hole punched in the trunk lid. Suspecting that the car might be stolen, Officer Roach ran a check on the car, learned that the license plate was not registered to that vehicle, and directed Woods to pull his car to the side of the road and stop. Officer Roach requested assistance and, after Indianapolis Police Officer Brad McFerran arrived, Officer Roach directed a front-seat passenger to exit the car. Officer Roach recognized the passenger, Burton Florence, as being wanted on an outstanding arrest warrant. Florence was placed under arrest and Woods was directed to move to the rear of the car. Because the car was improperly tagged, Officer Woods could not determine the car's ownership and decided to impound the vehicle.

Officer James Quigley arrived to assist and searched the vehicle to ensure that it contained no weapons. The search revealed a small caliber semi-automatic handgun under the passenger seat, a plastic bag containing two smaller plastic bags, which were later determined to contain .5803 grams of cocaine, under the driver's seat, and drug paraphernalia on the floor of the back seat. Woods was placed under arrest and charged with two offenses, including possession of cocaine. He was convicted of the instant offense following a trial to the court.

 We note *sua sponte* that the record reflects the valid appointment of Judge *Pro Tempore* Sheff for the date on which the trial occurred. The appointment term, however, does not include the date on which sentencing was conducted, nor does it appear that any subsequent appointment was made which included the date of the sentencing hearing. Although there is authority for the view that Judge *Pro Tempore* Sheff's appointment was valid only for the term set out in the appointment document (*see, e.g., Boushery v. State* (1993), Ind.App., 622 N.E.2d 212) and that he therefore was without authority to act in a judicial capacity outside the stated term, we conclude that the better line of reasoning is expressed in *Billingsley v. State*, (1994), 2nd Dist.Ind.App., 638 N.E.2d 1340:

"[A]lthough the general authority of a judge pro tempore terminates at the expiration of the term of the appointment, a judge pro tempore has continuing special jurisdiction to:

1. Rule upon any motion or matter taken under advisement during the term of appointment;

2. Conclude and rule upon any trial or hearing commenced, but not concluded, during such term;

3. Hear and determine all motions relating to the evidence or conduct of a trial or hearing commenced during the term of appointment; and

4. Conduct the sentencing hearing and impose sentence in a matter tried during the term of appointment." 638 N.E.2d at 1343.

Therefore, Judge Sheff's valid appointment for the trial date conferred authority upon him to enter judgment and preside over the sentencing phase of the proceedings.[2] *Id.*

I.

At trial, Woods submitted a motion to suppress the evidence obtained as a result of the search of the car Woods was driving when he

---

1. Ind.Code 35–48–4–6.

2. In view of our conclusion in this regard, Appellant's Motion to Suspend Appeal and for a Limit-

ed Remand to the Trial Court for Proper Sentencing is hereby denied.

was arrested. Woods appeals the denial of that motion.

██ "[A] warrantless search of an automobile may be conducted during the course of an arrest under the exception which permits a search of the immediate area that is within the arrestee's control." *Jackson v. State* (1992), Ind.App., 588 N.E.2d 588, 590. When Officer Quigley arrived, Florence had already been placed under arrest. There is no contention that Florence's arrest was unlawful. Therefore, the officers were entitled to search the area of the vehicle within Florence's immediate control, including under the front seat. *Id; see also Andrews v. State* (1992), Ind.App., 588 N.E.2d 1298 ("[a]n officer need not obtain a search warrant if the search is conducted incident to a lawful arrest").

██ In addition, once a vehicle has been stopped for investigative purposes, law enforcement officers may search the vehicle for weapons if the officers reasonably believe they might be in danger. *Sanders v. State* (1991), Ind.App., 576 N.E.2d 1328. In determining whether a weapons search was reasonable, we examine the specific reasonable inferences that the officer is entitled to draw based upon the facts. *Collett v. State* (1975), 167 Ind.App. 185, 338 N.E.2d 286. Officer Roach discovered that the license plate did not belong to the car which Woods was driving, giving rise to a reasonable belief that the car might be stolen. The officers on the scene then discovered that the front-seat passenger had an outstanding warrant for his arrest upon felony charges. Under these circumstances, the officers' belief that they might be in danger was reasonable, justifying a search of the car for weapons. The evidence obtained as a result of the search of the car was properly admitted.

## II.

Woods argues that the evidence was insufficient to sustain his conviction. Specifically, Woods notes that the automobile was not his and that the cocaine was found under the front seat, not on his person. Our standard of review upon such claims is well settled. We neither reweigh the evidence nor judge the credibility of witnesses, but look only to the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom. *Smedley v. State* (1990), Ind., 561 N.E.2d 776.

██ A conviction for possession may be based upon either actual or constructive possession. *Young v. State* (1991), Ind.App., 564 N.E.2d 968, *trans. denied.* "To demonstrate constructive possession, the State must prove that the defendant had the intent and ability to maintain control and dominion over the cocaine." *Id.* at 972. Constructive possession of items found in a vehicle may be imputed to the driver of the vehicle. *Id.* The evidence shows that not only was the cocaine found in the vehicle which Woods was driving, but it was found directly under the seat upon which Woods was sitting. Before Officer Roach stopped the vehicle Woods was driving, he observed Woods reach down, as if placing something under the seat. Woods's plea to believe his testimony that he did not know that the cocaine was under his seat is merely an invitation for this court to engage in the forbidden reweighing of evidence. The evidence supporting Woods's conviction is sufficient as a matter of law.

Judgment affirmed.

SULLIVAN, J., concurs with opinion.

BARTEAU, J., dissents with opinion.

SULLIVAN, Judge, concurring.

I write separately for the sole purpose of stating that notwithstanding my recent adherence to the holding of *Boushery v. State* (1993) 5th Dist. Ind.App., 622 N.E.2d 212, I have reconsidered my position in the light of *Billingsley v. State*, (1994) 2d Dist. Ind.App., 638 N.E.2d 1340. Accordingly, I now subscribe to the holding of the later case and therefore concur with the majority opinion in the case now before us.

BARTEAU, Judge, dissenting.

I respectfully dissent. For the reasons stated in *Boushehry v. State* (1993), Ind.App., 622 N.E.2d 212 and opinion on rehearing 626 N.E.2d 497, this appeal should be dismissed. While I believe that the approach taken in

*Billingsley v. State* (1994), Ind.App. 638 N.E.2d 1340 and by the majority here is more workable than the rule and makes sense, we must apply the rule as it is written and the rule says the authority of the judge pro tempore terminates at the expiration of the term.