Paul McMICHEL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9403–PC–00099.

Court of Appeals of Indiana, Fifth District.

Oct. 25, 1994.

---

1. *See, i.e., City of South Bend v. Fink* (1966), 139 Ind.App. 282, 219 N.E.2d 441, 443; *City of Linton v. Jones* (1921), 75 Ind.App. 320, 130 N.E. 541.

2. I.C. 36–7–1–20 (1994 Supp.).

Susan K. Carpenter, Public Defender, Debra E. Weinberger, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

SHARPNACK, Chief Judge.

Paul McMichel appeals the denial of his post-conviction relief petition. We dismiss the appeal.

McMichel raises one issue on appeal, which we restate as whether the duly appointed judge pro tempore rendered a final appealable judgment following McMichel's post-conviction hearing.

The facts show that on May 28, 1992, Judge Paula Lopossa, the regular judge of Marion Superior Court, Criminal Division One, appointed Master Commissioner Allen N. Smith, Jr., to serve as a judge pro tempore of her court "during [her] absence." Record, p. 163. On that same day, Smith presided over the evidentiary hearing held on McMichel's post-conviction relief petition. At the conclusion of the hearing, Smith announced that he would review the exhibits, take the matter under advisement, and make a ruling by the afternoon of the next day. On May 29, 1992, Smith entered an order making certain findings of fact and conclusions thereon, resulting in the denial of the petition. Smith signed the order "Allen N. Smith, Jr., Judge Pro–Tempore." Record, p. 166.

 The record does not contain any appointment of Smith as a judge pro tempore for any time period on May 29, 1992. Only a judge may enter an appealable final judgment. *Boushehry v. State* (1993), Ind.App., 622 N.E.2d 212, 212, *trans. denied.* A judge is either the duly elected or appointed judge of the court, or a duly appointed judge pro tempore or special judge. *Id.* at 213. A judge pro tempore is appointed for a specified time period in the absence of the regular judge. *Id.* (citing *Kimball v. State* (1985), Ind., 474 N.E.2d 982). The regular judge will be considered absent where the record is silent as to whether the regular judge actually returned, or where the record shows that the regular judge had returned, but had not engaged in court business on the date in question. *Young Soo Koo v. State,* (1994), Ind.App., 640 N.E.2d 95, 98.

The facts of the instant case fall squarely within the facts of *Boushehry.* In that case, duly appointed Judge Pro Tempore David

Lewis presided over the defendant's trial and the sentencing hearing for the morning session of October 14, 1992. *Id.* at 212. Judge Pro Tempore Lewis took the case under advisement following the sentencing hearing and ruled on it on October 23, 1992. *Id.* The orders of judgment and conviction were dated October 23, 1992. *Id.* The record was devoid of any indication that Lewis had been appointed judge pro tempore for any time period on October 23, 1992. *Id.* Because that was not done, this court held that no appealable order existed and dismissed the appeal. *Id.* at 213.

■ Like the judge pro tempore in *Boushehry*, Smith's authority as a judge pro tempore ended at the same time his appointment ended; that is, upon the expiration of May 28, 1992.

The State argues that we should reject *Boushehry* and follow the holdings in *Harris v. State* (1993), Ind.App., 616 N.E.2d 25, *trans. denied,* and *Dearman v. State,* (1994), Ind.App., 632 N.E.2d 1156, "because they are more consistent with earlier case law." Appellee's brief, p. 4. In essence, *Harris* and *Dearman* held that once a duly appointed judge pro tempore has begun hearing evidence in a case, he has jurisdiction to hear the case to completion, even though his appointment has expired. *Harris,* 616 N.E.2d at 33; *Dearman,* 632 N.E.2d at 1159. We reject the State's argument because we find *Harris* and *Dearman* to be inconsistent with Ind.Trial Rule 63(E), which, in pertinent part, provides:

> "A judge who is unable to attend and preside at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court *during his absence.* The written appointment shall be entered in the records of the court."

Ind.T.R. 63(E) (emphasis added).

■ The record shows that on May 28, 1992, Judge Lopossa appointed Smith to serve as a judge pro tempore of her court "during [her] absence." Record, p. 163. The record shows further that Judge Lopossa had returned and had engaged in court business on May 29, 1992. Because Judge Lopossa was no longer absent on May 29, 1992, Smith lacked the authority to enter a final appealable judgment in this cause.[1] A magistrate may not enter a final appealable order unless he is sitting as judge pro tempore or a special judge. Ind.Code § 33-4-7-7(2). A master commissioner who is not sitting as a judge pro tempore or special judge shall report findings in an evidentiary hearing to the trial court, which has the sole authority to enter a final appealable judgment. I.C. § 33-4-7-8(a); *see Rivera v. State* (1992), Ind.App., 601 N.E.2d 445, 446.

The appropriate procedure in this case would have been for Judge Lopossa to appoint Smith judge pro tempore on May 29, 1992, to permit him to enter final judgment, or for her to enter final judgment upon review of his findings.

There being no appealable final judgment in this cause, we must dismiss the appeal.

We note the cases of *Billingsley v. State* (1994), Ind.App., 638 N.E.2d 1340, and *Woods v. State* (1994), Ind.App., 640 N.E.2d 1089, which have declined to follow *Boushehry* and have held that a judge pro tempore has power beyond the term of appointment to take certain action with respect to a case tried before the judge pro tempore. This continuing conflict in the decisions of this court remains to be resolved by our supreme court.

As we dismiss the appeal for lack of an appealable final judgment, we do not reach the question of whether a new hearing must be held on McMichel's petition for post-conviction relief.

APPEAL DISMISSED.

RUCKER and BARTEAU, JJ., concur.

---

1. This case is distinguishable from *Young Soo Koo, supra,* which held that the duly appointed judge pro tempore had authority to hear the case to conclusion even though his appointment did not specify the duration of his appointment, because the record was silent as to whether the regular judge had actually returned, or if returned, whether he had conducted court business. *Young Soo Koo,* 640 N.E.2d at 98. In the instant case, the record shows, unequivocally, that Judge Lopossa had returned and had engaged in court business on May 29, 1992.