**Gregory E. DOUGLAS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49A04–9407–PC–259.

Court of Appeals of Indiana, Fourth District.

Nov. 29, 1994.

Transfer Denied Feb. 9, 1995.

---

I.C. 31–1–11.6–1(3).

Susan K. Carpenter, Public Defender, Debra E. Weinberger, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

RATLIFF, Senior Judge.

## STATEMENT OF THE CASE

Gregory E. Douglas appeals the denial of his petition for post-conviction relief. We affirm.

## ISSUE

Whether the post-conviction court erred in not vacating Douglas' sentence and ordering a new sentencing hearing be held.

## FACTS

Lawrence C. Arany was appointed as Judge Pro Tempore in the Marion Superior Court, Criminal Division II, for May 19, 20 and 21, 1980, by the Honorable Webster L. Brewer. On May 20, 1980, Gregory E. Douglas pleaded guilty to one count of burglary as a class B felony and one count of theft as a class D felony in accordance with a plea agreement. Arany conducted the May 20 plea hearing, verifying the factual basis for and voluntariness of Douglas' plea and explaining to Douglas the rights which he was waiving by pleading guilty. Arany conducted the sentencing hearing on June 18, 1980, and sentenced Douglas to ten years on the burglary and four years on the theft, to be served concurrently.

Douglas filed a petition for post-conviction relief on March 2, 1990. His October 1993 amended petition claimed Douglas had been erroneously sentenced because Arany's authority was solely that of a judge pro tempore for the day of the plea hearing.[1] An evidentiary hearing on the petition was held on January 27, 1994. The petition was denied on April 28, 1994.

## DISCUSSION AND DECISION

Douglas has provided the Record of Judgments and Orders for the week of his sentencing; there is no formal appointment of Arany as special judge or judge pro tempore. Thus, Douglas claims, because Arany "lacked the authority to impose sentence as he was not properly appointed judge *pro tempore* or special judge on the date sentence was imposed ... no valid judgment was entered and Douglas' sentence should be vacated." Appellant's brief at 7.

The record reflects that Arany was the duly appointed and qualified acting judge pro tempore on May 20, 1980, when Douglas' guilty plea was heard. There is no question about Arany's authority to conduct the guilty plea hearing. The question arises with respect to the continuing authority of a judge pro tempore to act subsequent to the date of appointment. Douglas urges us to follow *Boushehry v. State* (1993), Ind.App., 622 N.E.2d 212, and hold that any judgment entered by a judge pro tempore after expiration of the appointment is not a final judgment. The State refers us to *Harris v. State* (1993), Ind.App., 616 N.E.2d 25, *trans. denied,* and *Dearman v. State* (1994), Ind.App., 632 N.E.2d 1156, which held that a properly appointed judge pro tempore has authority to hear the case to completion, including sentencing.

First, we note that more recent opinions have also discussed this issue. *Billingsley v. State* (1994), Ind.App., 638 N.E.2d 1340, reviewed the history of this court and our supreme court in generally sustaining a judge pro tempore's continuing authority until the 1993 *Boushehry* decision. *Id.* at 1342. Concluding that the "*Boushehry* requirement of a subsequent appointment" in order to sustain the continued authority of a judge pro tempore "is inconsistent with notions of judicial economy," *Billingsley* held that "a judge pro tempore has continuing special jurisdiction to," *inter alia,* "[c]onduct the sentencing hearing and impose sentence in a

---

1. We note, however, that Douglas' petition as amended still contains Douglas' statement that sentence was imposed by "Judge Webster Brewer." R. at 37.

matter tried during the term of appointment." *Id.* at 1343. In *Woods v. State,* 640 N.E.2d 1089 (Ind.App.1994), *Billingsley* was found "the better line of reasoning" and followed. *Id.* at 1090. *McMichel v. State,* 641 N.E.2d 1047 (Ind.App.1994) followed *Boushehry* but specifically noted the "continuing conflict in the decision of this court remains to be resolved by our supreme court." *Id.* at 1049. As did the *Woods* court, we agree with Judge Kirsch's reasoning and analysis in *Billingsley.* Therefore, Arany's valid appointment for the guilty plea hearing conferred authority upon him to conduct Douglas' sentencing.

Second, we note that with one exception all of the cases discussing the authority of a judge pro tempore subsequent to the appointment period deal with a direct appeal of an order issued by one whose authority is questioned.[2] Only *Harris, supra,* bears the same procedural posture as Douglas' appeal—namely, appealing the denial of a post-conviction relief petition on the basis of a challenge to the sentencing judge's authority. Our facts here are directly on point with those posed in *Harris:* Harris argued to the post-conviction court "that a valid judgment was never entered against him because the judge pro tempore who accepted his plea and sentenced him had not been appointed to serve as judge pro tempore on the day of sentencing." *Id.* at 33. We found the "expiration of a judge pro tempore's term does not necessarily end his or her authority," and that "once a judge pro tempore has begun consideration of the case," jurisdiction continued "as if he had been appointed special judge." *Id.*

Accordingly, we affirm the denial of Douglas' petition for post-conviction relief.

SULLIVAN, J., concurs.

CHEZEM, J., concurs in result.

---

2. Or, in the case of *McMichel,* a challenge to the authority of the post-conviction relief judge's authority.