61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maurice HARRIS, Petitioner - Appellant,
v.
Jack DUCKWORTH, Respondent - Appellee.
 No. 94-2560.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 29, 1995.
 
 Before Cummings, Coffey and Rovner, Circuit Judges.
 
 ORDER
 
 1
 On September 5, 1989, Maurice Harris pled guilty to three counts of robbery and four counts of criminal confinement. He was sentenced to a prison term of forty-eight years.[1] In December 1989, Harris filed a petition for post-conviction relief. A hearing, at which Harris was represented by counsel, was held in September 1992 and Harris' petition was denied. The Indiana Court of Appeals affirmed the trial court's denial of Harris' petition and the Indiana Supreme Court denied his petition to transfer. Harris then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec.2254. The district court denied Harris' petition and he appeals.
 
 
 2
 On appeal, Harris argues that he was denied effective assistance of counsel. In order to maintain a claim of ineffective assistance of counsel, a defendant must overcome a presumption of effective representation. United States v. Fish, 34 F.3d 488, 491 (7th Cir. 1994). A defendant must establish that (1) counsel's representation fell below an objective standard of reasonableness and (2) prejudice resulting from counsel's deficient performance. Strickland v. Washington, 466 U.S. 688, 694 (1984). Prejudice exists when the outcome of the proceeding is rendered unreliable by counsel's deficient performance. Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993). Failure to show either deficient performance or prejudice is fatal to a defendant's claim. Ebbole v. United States, 8 F.3d 530, 533 (7th Cir. 1993), cert. denied, 114 S. Ct. 1229 (1994).
 
 
 3
 When a defendant challenges the validity of a guilty plea proceeding based on a claim of ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). See also Harvey v. McCaughtry, 11 F.3d 691, 693 (7th Cir. 1993). When a defendant challenges the validity of his sentence based on counsel's ineffective assistance at sentencing, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. See also Milone v. Camp, 22 F.3d 693, 704 (7th Cir. 1994), cert. denied, 115 S. Ct. 720 (1995); Henderson v. Thieret, 859 F.2d 492, 499-500 (7th Cir. 1988), cert. denied, 490 U.S. 1009 (1989). Harris has failed to establish ineffective assistance of counsel in either context.[2]
 
 
 4
 On appeal, Harris argues that he was prejudiced as a general matter because counsel did not render reasonably effective assistance, not that he would have insisted on going to trial and not pled guilty had his counsel rendered effective assistance. At the hearing on his post-conviction petition, Harris responded to the question "what motivated you to plead guilty?" by stating, "I wanted to go on and get it over with. I didn't want to take [the children] through no more pain." (Transcript of Post Conviction Relief Hearing 2/3/93 at 37-38) Harris did not state that he would have insisted on going to trial and not have pled guilty but for his counsel's alleged errors; instead he stated twice that he felt he would have been better off had he gone to trial. (Id. 39, 41) Believing that one would have been better off having made a different choice is different from believing that one would not have made that choice at all. The former is the product of hindsight in light of a lengthy sentence and does not constitute prejudice under Hill and Strickland.
 
 
 5
 Nor has Harris shown he was prejudiced by counsel's performance at his sentencing hearing. Harris argues that counsel failed to mitigate the testimony of the witnesses who testified at the sentencing hearing but does not state how counsel could have mitigated this testimony or the impact such action would have had upon his sentence.[3] At the sentencing hearing, the judge stated that Harris' history of criminal activity was an aggravating factor and that imposition of a reduced sentence would "depreciate the seriousness of the crime; and that the victims of the crime were physically infirm." (Transcript of Sentencing Hearing 9/26/1989 at 16-17). Given the judge's statement a sentencing, the fact that Harris' sentence is within the statutory range,[4] and Harris' failure to state how mitigation of the witnesses' testimony would have resulted in a lesser sentence, we find Harris has not established prejudice from his counsel's representation. See Jackson v. Roth, 24 F.3d 1002, 1005 (7th Cir. 1994) (Constitution does not require criminal lawyer to pursue low-probability prospects for getting a client's sentence reduced); Milone, 22 F.3d at 704 (7th Cir. 1994) (failure to present testimony at sentencing of twenty-five good character witnesses did not constitute ineffective assistance of counsel where testimony would not have been likely to alter the sentence imposed by a judge who had just found defendant guilty at a bench trial of a particularly heinous and gruesome murder).
 
 
 6
 Harris also argues that the district court abused its discretion by allowing the respondent to respond to his traverse in which he stated respondent had not addressed the claim in his habeas petition that the sentencing officer was not a properly qualified judicial officer. Harris attached materials pertinent to this claim to the traverse. The district court interpreted Harris' submission as a motion to expand the record with the materials attached to the traverse and granted respondents time to respond to the expanded record.
 
 
 7
 The district court has wide latitude with regard to matters of procedure. See, e.g., Knox, v. McGinnis, 998 F.2d 1405, 1408 (7th Cir. 1993); Sadowski v. Bombardier, Ltd., 539 F.2d 615, 620 (7th Cir. 1976) The district court's decision must strike us as fundamentally wrong before we will find an abuse of discretion. Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir. 1990). We find the district court did not abuse its discretion through its characterization of Harris' submission and allowance of time for a response.
 
 
 8
 Harris' final argument is that a valid judgment was not entered against him because the judge pro tempore who accepted his guilty plea and sentenced him had not been appointed to serve as judge pro tempore on the day of sentencing. Harris argues that under Indiana law, a judge pro tempore does not retain jurisdiction to continue consideration of the case for which he had been appointed a judge pro tempore once his term has expired.[5] Harris' claim is based upon Indiana law regarding the qualifications and responsibilities of judicial officers and as such does not fall within the purview of federal review of a petition for habeas corpus. See Estelle v. McGuire, 112 S. Ct. 475, 480 (1991); Stephens v. Miller, 13 F.3d 998, 1001 (7th Cir.) (en banc), cert. denied, 115 S. Ct. 57 (1994); Reed v. Clark, 984 F.2d 209, 210 (7th Cir. 1993), aff'd sub nom. Reed v. Farley, 114 S. Ct. 2291 (1994). Harris does not claim that Indiana's qualifications for judicial officers are constitutionally infirm, but that Indiana failed to follow its own requirements. A federal court reviewing the denial of a petition for habeas corpus is limited to deciding whether Indiana denied Harris his rights under the Constitution, laws, or treaties of the United States, not whether the state court erred in its determinations on state law questions. Estelle, 112 S. Ct. at 480.
 
 
 9
 Accordingly, the district court's denial of habeas corpus relief is AFFIRMED
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Indiana Court of Appeals summarized the facts pertinent to Harris' offense. Harris v. State, 616 N.E.2d 25 (Ind. Ct. App. 1993). Since there are no allegations that the court made incorrect findings or committed any other error that would require reversal of its findings, the facts are not restated in this order. See 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 449 U.S. 539, 545-46 (1981); Smith v. Fairman, 862 F.2d 630, 632 (7th Cir. 1988), cert. denied, 490 U.S. 1008 (1989)
 
 
 [2]
 Harris claims that he was denied effective assistance of counsel based upon the following errors: (1) failure to object to an alleged breach of plea agreement; (2) failure to object to the contents of the pre-sentence report; (3) failure to investigate inaccuracies between the probable cause affidavit and the information, resulting in a charge resulting in a charge in violation of double jeopardy; (4) failure to object at sentencing to judge pro tempore's lack of authority to impose sentence; and (5) failure to present mitigating evidence at the sentencing hearing
 
 
 [3]
 The Indiana Court of Appeals ruled that most, if not all, of the "mitigating evidence" that Harris argued should have been presented at the sentencing hearing was either presented by counsel or before the court in another manner and that the presentation of additional evidence would not have made a difference in Harris' sentence. Harris v. State, 616 N.E.2d 25, 31 (Ind. Ct. App. 1993)
 
 
 [4]
 Harris pled guilty to three counts of Class C felony robbery, IND. CODE Sec. 35-42-5-1, and three counts of Class C felony confinement, IND. CODE Sec. 35-42-3-3, all of which carried a potential maximum sentence of eight years, and one count of Class D felony confinement, IND. CODE Sec. 35-42-3-3, which carried a potential sentence of four years. Harris could have received a maximum sentence of fifty-two years and received a sentence of forty-eight years
 
 
 [5]
 Prior to December 1994, there was disagreement among the Indiana Courts of Appeal as to whether a judge pro tempore retains jurisdiction over a case after her appointment has expired. Compare Boushehry v. State, 622 N.E.2d 212 (Ind. Ct. App. 1993) with Billingsley v. State, 638 N.E.2d 1340 (Ind. Ct. App. 1994). The Indiana Supreme Court held that a judge pro tempore has authority to continue to rule on matters relating to the matter for which she was appointed following the expiration of her appointment. Floyd v. State, No. 49S02-9412-PC-1282, 1994 WL 725522, at * 6 (Ind. Sup. Dec. 30, 1994). A judicial officer who has conducted a trial pursuant to a valid appointment as judge pro tempore may enter a sentence in the case after the term of her appointment has expired. Id. at * 5. The Indiana Supreme Court also held that "failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal." Id. at * 4. Harris did not object tt the trial court's authority at the sentencing hearing